1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WHITNEY POOLE, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | DEFENDANT'S NOTICE OF REMOVAL |
| v. | |
| BENJAMIN MOORE & CO., INC., a New Jersey corporation, | |
| Defendant. | |

TO:         THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR
            THE WESTERN DISTRICT OF WASHINGTON

AND TO:     Whitney Poole, Plaintiff

AND TO:     Gordon Tilden Thomas & Cordell LLP, attorneys for Plaintiffs

AND TO:     Kozonis Law, Ltd., attorneys for Plaintiffs

AND TO:     Waskowski Johnson Yohalem LLP, attorneys for Plaintiffs

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and

1453, Defendant Benjamin Moore & Co., Inc. ("Benjamin Moore") removes to this Court the

lawsuit captioned *Whitney Poole, individually and on behalf of all others similarly situated v.*

DEFENDANT'S NOTICE OF REMOVAL - 1 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

*Benjamin Moore & Co., Inc., a New Jersey corporation*, Cause No. 18-2-00231-18 (Wash. Super. Ct., Kitsap Cnty.) (the "State Court Action").  In support of this Notice of Removal, Benjamin Moore states:

## I.    PROCEDURAL BACKGROUND

1.    **State Court Action:**  Benjamin Moore is named as the sole defendant in the State Court Action, which is a civil action filed in the Superior Court of Washington, in and for Kitsap County.

2.    **Commencement of State Court Action:**    The State Court Action was commenced when Plaintiff Whitney Poole filed a Summons and Complaint with the Clerk of the Superior Court of Washington, in and for Kitsap County, on or about January 25, 2018. Service of the Summons and Complaint was effected on Benjamin Moore via service on its registered agent, CT Corporation, on or about February 2, 2018.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that it is being filed within 30 days of receipt of service of the Summons and Complaint by Benjamin Moore.  Benjamin Moore has not filed pleadings in this case in the State Court Action.

3.    **Record in State Court:**  The following pleadings filed in the State Court Action encompass all of the pleadings received or filed by Benjamin Moore in this action up to the present time:

Summons

Amended Summons

Class Action Complaint (the "Complaint")

Case Information Cover Sheet

Demand for Jury 12 Person (the "Jury Demand")

DEFENDANT'S NOTICE OF REMOVAL - 2 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b), a copy of the Complaint is attached as Exhibit A, a copy of the Jury Demand is attached as Exhibit B, and copies of the balance of the above-listed submissions are attached as Exhibit C.  Pursuant to LCR 101(c), the undersigned verifies that Exhibits A through C comprise true and complete copies of all the records and proceedings in the state court proceeding.

4.   **Applicable Statutes**:  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367, and the action is properly removable to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441, 1446, and 1453 ("CAFA").  The Superior Court of Washington, in and for Kitsap County, is located within this judicial district.  28 U.S.C. § 128(b).  This Notice is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5.   **Nature and Description of Case**:

a.   Plaintiff alleges that Benjamin Moore made certain misrepresentations in the marketing, labeling and sale of Natura Paint products concerning the absence from the products of certain toxic emissions and volatile organic compounds (the "alleged Green Promise"), and the certification of the products by certain third parties. Complaint ¶¶ 1-9, 31-46, 50-54.

b.   On behalf of Plaintiff and a putative class of all individuals and entities within the United States who purchased Benjamin Moore Natura Paint products "from the beginning of any applicable limitations period through the date of class certification," *id.* ¶ 82(a), the Complaint purports to state claims for breach of express warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (the "MMA").  Complaint ¶¶ 111-40.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

2

       c.      On behalf of Plaintiff and a putative class of all individuals and entities in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Rhode Island, Washington, and Wisconsin who purchased Benjamin Moore Natura Paint products "from the beginning of any applicable limitations period through the date of class certification," *id.* ¶ 82(b), the Complaint purports to state claims for violation of the Washington Consumer Protection Act, 19 RCW § 19.86.010 *et seq.* (the "WCPA"), and of certain consumer-oriented statutes of the other above states.  Complaint ¶¶ 141-62.

3

4

5

6

7

8

9

       d.      In the alternative, the Complaint seeks certification of a subclass of Washington residents who purchased Benjamin Moore Natura Paint products "from the beginning of any applicable limitations period through the date of class certification," *id.* ¶ 82(c), asserting the breach of express warranty, MMA and WCPA claims.

10

11

12

13

14

       e.      The Complaint also appears to assert an individual claim on behalf of Plaintiff only for unjust enrichment.  *Id.* ¶¶ 163-67.

15

16

       f.      With respect to the above claims, the Complaint seeks, *inter alia*, actual, statutory, consequential, exemplary, and punitive damages, attorneys' fees and costs, restitution, and certain other relief.  *Id.* at p. 28 (paragraphs B through J of Request for Relief).

17

18

19

20

21

       g.      Benjamin Moore disputes the Complaint's factual and class-related allegations and legal conclusions, and denies that Plaintiff or the putative classes have been harmed in any way.

22

23

24

25

26

DEFENDANT'S NOTICE OF REMOVAL - 4 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

## II.   DIVERSITY JURISDICTION

6.   **Diversity of Citizenship is Basis for Federal Court Jurisdiction**:   CAFA grants district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative class of Plaintiffs is a citizen of a State different from that of Defendant.   As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

a.   Covered Class Action.   Without conceding that there is any merit to the Complaint's allegations or claims, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."   28 U.S.C. §§ 1332(d)(1)(B), 1453(a).   *See* Complaint ¶¶ 81-110.

b.   Class Action Consisting of More than 100 Members.   As set forth above, the Complaint's claim for breach of express warranties is asserted on behalf of every United States purchaser of Benjamin Moore Natura Paint products within the applicable statute of limitations, which is four years from the tender of delivery of the goods at issue. RCW § 62A.2-725(1), (2).   Plaintiffs allege that the members of this putative class "number in at least the thousands, and could number in the tens of thousands or hundreds of thousands."   Complaint ¶ 87.   Moreover, according to Benjamin Moore's records, it had sold 990,528 gallons of Natura Paint products in the United States between January 2014 and September 2017.   Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

DEFENDANT'S NOTICE OF REMOVAL - 5 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

c.  <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied whenever "any member of a class of Plaintiffs is a citizen of a State different from any Defendant."  28 U.S.C. § 1332(d)(2)(A).  Plaintiff alleges that she is a Washington citizen.  Complaint ¶ 15.  Benjamin Moore is a New Jersey corporation with its principal place of business in New Jersey.  *Id*. ¶¶ 17-18.

d.  <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Without conceding any merit to the Complaint's allegations or claims, the amount in controversy here satisfies this jurisdictional threshold.

i.  Plaintiff seeks, among other relief, restitution for the purchase price of all Natura Paint products sold by Benjamin Moore during the applicable periods of limitation, which Plaintiff alleges to be approximately $57 per gallon.  Complaint ¶ 48; *Id*. at p. 28 (paragraph G of Request for Relief).  Multiplying this figure by the 990,528 gallons of Natura Pain products sold over the past four years, as set forth in subparagraph 6(b) above, yields an amount in controversy in excess of $56 million.

ii.  Plaintiff also alleges that she and the members of the putative classes have suffered actual damages consisting of the difference between the retail price of Natura Paint products containing the alleged Green Promise and the retail price of "similar paint" products sold without the alleged Green Promise.  *Id*. ¶¶ 47-49.  Benjamin Moore markets other paint products that do not include the alleged Green Promise for retail prices of between $30 and $40 per gallon.  Multiplying the above $17 to $27 price differential by the 990,528 gallons of Natura Pain products sold over the past four years, as

DEFENDANT'S NOTICE OF REMOVAL - 6 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1    set forth in subparagraph 6(b) above, yields an amount in controversy in excess of between

2    $16 and $26 million.

3                    Iii        Plaintiff additionally seeks, on behalf of the putative classes,

4    declaratory relief "prohibiting the false and deceptive advertising or marketing of Natura

5    Paint as described above."   *Id.* at p. 29 (paragraph I of Request for Relief).   Although

6    Benjamin Moore denies that this remedy is appropriate, the value of the declaratory relief –

7    the cost of a corrective advertising campaign for Natura Paint products – should also be

8    factored into the amount in controversy.   *See Hunt v. Washington State Apple Advert.*

9    *Comm'n*, 432 U.S. 333, 347 (1977) ("In an action seeking declaratory or injunctive relief, it

10   is well established that the amount in controversy is measured by the value of the object of

11   the litigation.").

12

13                    iv.        Plaintiff and the putative classes also seek to recover attorneys'

14   fees, presumably pursuant to the MMA and WCPA claims.   Complaint at p. 29 (paragraph F

15   of Request for Relief).   The likely amount of such fees also should be counted in determining

16   the amount in controversy.   *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

17   2005).

18

19                    v.        For purposes of removal "the question is not what damages

20   the Plaintiff will recover, but what amount is 'in controversy' between the parties.'"   *Brill v.*

21   *Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may

22   fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the

23   Plaintiff will fail and the judgment will be zero) does not prevent removal.").   While Benjamin

24   Moore disputes that it is liable to Plaintiff or the putative classes, or that Plaintiff or the

25

26

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

putative classes suffered any injury whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

### III.   NOTICE TO STATE COURT AND RESERVATION OF RIGHTS

7.   **Concurrent Notice to State Court**:   Benjamin Moore is concurrently filing a copy of this Notice of Removal with the Clerk of the Superior Court of Washington in and for Kitsap County, Cause No. 18-2-00231-18, pursuant to 28 U.S.C. § 1446(d).

8.   **Reservation of Rights and Defenses**:   Benjamin Moore reserves all defenses, and further reserves the right to amend or supplement this Notice as necessary.

### IV.   INTRADISTRICT ASSIGNMENT

9.   Pursuant to LCR 3(e), removal of the State Court Action to the Tacoma Division of this Court is appropriate because the original state court venue of the State Court Action lies in Kitsap County.   Assignment to the Tacoma Division is also appropriate pursuant to LCR 3(e) because Plaintiff maintains her residence in Kitsap County, Complaint ¶ 15, and because she purchased the Natura Paint products at issue in Kitsap County.   *Id*. ¶ 63.

DATED this 5th day of March, 2018.

GORDON THOMAS HONEYWELL LLP

By _/s/ Diane J. Kero_____
    Diane J. Kero, WSBA No. 11874
    dkero@gth-law.com
    Michael E. Ricketts, WSBA 9387
    mricketts@gth-law.com
    GORDON THOMAS HONEYWELL LLP
    600 University Street, Suite 2100
    Seattle, WA  98104-4185
    Telephone:  (206) 676-7500
    Facsimile:  (206) 676-7575

DEFENDANT'S NOTICE OF REMOVAL - 8 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

2

And

3

Eric S. Aronson
Todd L. Schleifstein

4

Paige Nestel
GREENBERG TRAURIG LLP

5

500 Campus Drive, Suite 400
Florham Park, NJ  07932

6

Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410

7

AronsonE@gtlaw.com

8

TSchleifsteinT@gtlaw.com
NestelP@gtlaw.com

9

Attorneys for Defendant Benjamin Moore &

10

Co., Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S NOTICE OF REMOVAL - 9 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

<u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that on March 5, 2018, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which will send notification of such filing to
the following

4

5       **Counsel for Plaintiffs**
Jeffrey M. Thomas, WSBA No. 21175

6       Mark Wilner, WSBA No. 31550
Brendan Winslow-Nason, WSBA No. 39328

7       GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000

8       Seattle, WA  98154
Phone: (206) 467-6477

9       jthomas@gordontilden.com

10      mwilner@gordontilden.com
bwinslow-nason@gordontilden.com

11

12      Gary M. Klinger, *Pro Hac Vice pending*
KOZONIS LAW, LTD.

13      4849 N. Milwaukee Avenue, Suite 300
Chicago, ILL  60630

14      Phone:  (312) 283-3814
gklinger@kozonislaw.com

15

16      Daniel R. Johnson, *Pro Hac Vice pending*
WASKOWSKI JOHNSON YOHALEM LLP

17      954 W. Washington Blvd., Suite 322
Chicago, ILL  60607

18      Phone:  (312) 278-3153
djohnson@wjylegal.com

19

20              /s/ Karen L. Calkins
Karen L. Calkins, Legal Assistant

21      GORDON THOMAS HONEYWELL LLP

22

23

24

25

26

DEFENDANT'S NOTICE OF REMOVAL - 10 of 10
()
[4816-9186-9534]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

Exhibit A

FILED
KITSAP COUNTY CLERK

2018 JAN 25  PM 3: 30

ALISON H. SONNTAG

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KITSAP

WHITNEY POOLE, individually and on
behalf of all others similarly situated,

                    Plaintiff,

        v.

BENJAMIN MOORE & CO., INC., a New
Jersey corporation,

                    Defendant.

Cause No. $18-2-00231-18$ _____

**CLASS ACTION COMPLAINT**

Plaintiff Whitney Poole, individually and on behalf of all other persons or entities who are

similarly situated (the "Class Members"), alleges the following:

## NATURE OF THE CLASS ACTION

### *Benjamin Moore broke its "Green Promise" for Natura Paint*

1.      Defendant Benjamin Moore & Co., Inc. ("Benjamin Moore") promised that its

Natura Paint was Emission Free and contained Zero Volatile Organic Compounds ("VOCs").

2.      Benjamin Moore referred to this promise as its "Green Promise."

3.      Every purchaser of Natura Paint received the "Green Promise."

4.      The "Green Promise" was printed on the label of each can of paint.

CLASS ACTION COMPLAINT - 1

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

5.    On information and belief, Natura Paint was not Emission Free and/or contained VOC toxins.

6.    Benjamin Moore knew these representations were false and/or that it had no evidence to make such representations.

7.    Benjamin Moore breached its "Green Promise" to purchasers of Natura Paint.

8.    Benjamin Moore engaged in unfair and deceptive trade practices by misrepresenting its paint was Emission Free and contained Zero VOCs.

9.    Benjamin Moore misrepresented that Natura Paint was endorsed and/or certified by an independent third party.

10.    The Federal Trade Commission ("FTC") filed a complaint against Benjamin Moore in the summer of 2017.

11.    Benjamin Moore agreed to stop engaging in the unfair and deceptive practices, but only after thousands of consumers were already harmed by Benjamin Moore's misconduct.

***Plaintiff and Class Members seek damages caused by Benjamin Moore's breach of its "Green Promise" and its unfair and deceptive trade practices***

12.    Plaintiff Whitney Poole and the Class Members, as more fully defined herein, seek economic, statutory, punitive, and exemplary damages, and an award of attorneys' fees and costs, from Benjamin Moore for:

     a.  breach of express warranties, *i.e.*, breach of the "Green Promise;"

     b.  violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss");

     c.  violation of state consumer protection law; and

     d.  Benjamin Moore's unjust enrichment.

CLASS ACTION COMPLAINT - 2

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## JURISDICTION AND VENUE

### *Jurisdiction*

13.     The Court has personal jurisdiction and subject matter jurisdiction over Benjamin Moore under RCW 4.28.185 because:

    a.  Benjamin Moore caused the product at issue to be advertised and sold to Plaintiff through its exclusive retailer, Peninsula Paint, located in Poulsbo, Washington, in Kitsap County;

    b.  Plaintiff resides in, and was injured in, Kitsap County as a result of Benjamin Moore's business activities therein; and

    c.  Benjamin Moore regularly conducts business in Kitsap County through direct sales and its authorized retailers.

### *Venue*

14.     Venue is proper in Kitsap County pursuant to RCW 4.12.020(3) because:

    a.  a substantial part of the events or omissions giving rise to the claims occurred in Kitsap County;

    b.  Plaintiff seeks damages for injury in Kitsap County; and

    c.  Plaintiff's cause of action arose in Kitsap County.

## PARTIES

### *Plaintiff and Class Members*

15.     Plaintiff Whitney Poole is a citizen of the State of Washington residing in the City of Hansville, Kitsap County.

16.     Plaintiff brings this action on behalf of herself and all similarly situated Class Members as more fully defined herein.

CLASS ACTION COMPLAINT - 3

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

*Defendant*

17.    Defendant Benjamin Moore is a New Jersey corporation.

18.    Benjamin Moore's principal place of business is in Montvale, New Jersey.

## FACTUAL ALLEGATIONS

### *Benjamin Moore is a leading formulator, manufacturer, and retailer of paints, stains, and clear finishes*

19.    Benjamin Moore manufactures, markets, advertises, packages, and distributes a broad range of premium paints, stains, and clear finishes.

20.    Benjamin Moore's products are marketed under various registered brand names, including, but not limited to, Aura, Natura, Regal Select, Ultra Spec, MoorGard, ben, Eco Spec, Coronado, Corotech, Insl-x, and Lenman.

21.    Benjamin Moore directs and controls all significant aspects of the sale of its well-known premium paints, including the manufacturing, marketing, packaging, distribution, and pricing.

22.    Benjamin Moore's products are distributed throughout the United States and internationally.

23.    Benjamin Moore's products are sold primarily through a network of independently owned and authorized retailers as well as through Benjamin Moore's own stores and website.

24.    Benjamin Moore's selectively distributes its premium paints in décor-focused specialty paint retail stores.

### *Benjamin Moore marketed and sold Natura Paint as a "green" household product*

25.    Consumers over the last decade have increasingly sought out "green" household products.

CLASS ACTION COMPLAINT - 4

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

26.    "Green" household products are marketed and sold as environmentally-friendly and non-toxic alternatives to traditional products.

27.    "Green" products are popular with consumers who have young children.  This is because many parents are concerned about exposing their children to toxins that can harm their children's health.

28.    One of the concerns among consumers of paint other than lead is the presence of toxins known as VOCs.

29.    Long-term exposure to high levels of VOCs can cause health issues such as cancer, liver damage, kidney damage, and central nervous system damage.

30.    Paint manufacturers have developed so-called "green" paint products that claim to be low or zero VOC.

31.    Benjamin Moore produced its own "green" paint product called Natura Paint.

32.    Benjamin Moore claimed that its Natura Paint was "Emission-Free."

33.    Benjamin Moore claimed that its Natura Pain contained "Zero VOCs."

34.    Benjamin Moore produced a television advertisement touting the "greenness" of its Natura Paint.

35.    The following are copies of screenshots from Benjamin Moore's advertisement touting the "greenness" of its Natura Paint:

CLASS ACTION COMPLAINT - 5

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477



| **ON SCREEN** | **VOICE OVER** |
|---|---|
| A group of painters enter quietly into a room filled with cribs. While a baby sleeps in a crib, they begin to paint a mural on a wall. Painters exit and the baby wakes up, smiling and standing in the crib. | If you want a paint with no hard fumes; if you want a paint without harmful chemicals; if you want a paint that is safer for your family and the environments, only this can. Natura by Benjamin Moore. |

CLASS ACTION COMPLAINT - 6

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

36. Benjamin Moore also touted the "greenness" of Natura Paint in its brochures.

37. The following are copies of images from one of Benjamin Moore's brochure touting the "greenness" of Natura Paint:



NATURA IS GREEN WITHOUT COMPROMISE®

With zero VOCs, zero emissions and no harsh fumes™, Natura can have a positive impact on air quality. This is a truly environmentally friendly paint without sacrifice to performance or color integrity.





INDEPENDENTLY TESTED & CERTIFIED

Natura is Benjamin Moore's most decorated product. Whether you are painting a home, school or a building, you can be confident in knowing you've used the best for your environmentally sensitive project needs.









**2015 Product of the Year award** This award seeks to guide consumers to products for their quality and innovation by category. It is a consumer-voted award based on a survey of 40,000 consumers conducted by TNS, a global consumer research company. Natura was selected in the Interior Paint category.

**asthma & allergy friendly™** Administered by the Asthma and Allergy Foundation of America, this program seeks to scientifically test and identify consumer products that are more suitable for people with asthma and allergies. For more information, visit www.aafa.org/certified.

**Cradle to Cradle Certified™ Silver** Cradle to Cradle Certified™ is a multi-attribute certification program. Products are evaluated for material health, material reutilization, renewable energy use and carbon management, water

stewardship and social fairness. For more information about the Cradle to Cradle Products Innovation Institute visit www.C2CCertified.org.

**Qualifies for LEED® & LEED v4 Credit** The U.S. Green Building Council's rating system for green building leadership awards credit for satisfied prerequisites in design, construction and maintenance. For more information visit www.usgbc.org.

**MPI Green Performance™** Masters Painters Institute educates professionals on products based on performance-based standards and lab testing. Natura meets multiple specifications including those under MPI Green Performance™.

**CHPS (Collaborative for High Performance Schools)** Provides the acceptance criteria for products that help schools meet their green building criteria and deliver environmental benefits to their occupants.

CLASS ACTION COMPLAINT - 7

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

38.     Benjamin Moore's website also touted the "greenness" of Natura Paint.

39.     The following is a screenshot from Benjamin Moore's website:



Natura® Zero VOC and Zero Emissions' Paint



Beautiful Color. Lasting Durability. None of the other stuff.

Creating a greener and safer life for you and your family should be simple. It should be easy to find environmentally sustainable products that offer exactly what you want - and nothing you don't.

At Benjamin Moore, we're committed to providing environmentally-friendly products that both protect and beautify your home. Natura paint goes beyond zero VOC to offer zero emissions and virtually no odor, so there is nothing standing between you and gorgeous rooms your whole family can enjoy. Its patented manufacturing process was also designed to ensure that there is no compromise on style or results. With Natura, what's good for your walls is even better for your family - and the planet.

**LEARN MORE »**    **FIND A STORE »**

***Benjamin Moore labels each can of Natura Paint with its "Green Promise"***

40.     Benjamin Moore printed "Green Promise, Zero VOC" on the label of each can of its Natura Paint.

41.     Below is an image of the label from a can of Benjamin Moore Natura Paint:

CLASS ACTION COMPLAINT - 8



42.     The label of each can of Benjamin Moore Natura Paint contained a promise that Natura Paint was "Safer for Your Family" because it was, among other things, "Emission-Free" and contained "Zero VOCs."

43.     Below is an image of the label containing those promises:



44.     Every purchaser of Natura Paint received Benjamin Moore's "Green Promise" because the promise was printed on the label of each can of Natura Paint.

45.     Benjamin Moore warranted that its Natura Paint would conform to the "Green Promise."

46.     The Natura Paint "Green Promise" also implied that Natura Paint was endorsed and/or certified by an independent third party.

CLASS ACTION COMPLAINT - 9

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

*Benjamin Moore charged a price premium for its Natura Paint*

47.     Benjamin Moore's Natura Paint enjoyed inflated market pricing due to its warranty of having zero emissions and zero VOCs—its Green Promise.

48.     The retail price for a can of Benjamin Moore's Natura Paint was approximately $57 per gallon; whereas, the retail price for a gallon of similar paint but without a Green Promise warranty or something similar was less.

49.     In other words, Benjamin Moore Natura Paint sold for a price higher than it would have sold had Benjamin Moore not made its Green Promise.

*Benjamin Moore knew its Natura Paint Contained Emissions and/or VOCs*

50.     Natura Paint did not conform and/or Benjamin Moore had no evidence that it conformed to Benjamin Moore's Green Promise that the paint was Emission Free and contained Zero VOCs.

51.     Upon information and belief, the paint contained emissions at the time of application.  Moreover, Benjamin Moore had no evidence that it was emission free at the time of application even when applied according to the manufacturer's instructions.

52.     The paint contained VOCs and/or Benjamin Moore had no evidence that it  had zero VOCs even when applied according to the manufacturer's instructions.

53.     Moreover, Natura Paint was not endorsed and/or certified for the aforementioned claims by an independent third party as represented by the Green Promise seal.

54.     Benjamin Moore knew all of the above, but marketed Natura Paint as containing zero emissions and/or zero VOCs anyway and also marketed the product as having been endorsed and/or certified by an independent third party.

CLASS ACTION COMPLAINT - 10

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

*The FTC exposed Benjamin Moore's unfair and deceptive trade practices*

55.     In July 2017, the FTC filed a complaint against Benjamin Moore.

56.     A true and correct copy of the FTC's complaint is attached hereto as **Exhibit A**.

57.     In its complaint, the FTC alleged that Benjamin Moore deceived consumers with false, misleading, unqualified and/or unsubstantiated claims that Natura Paint is Emission Free and contains Zero VOCs.

58.     The FTC also alleged that Benjamin Moore deceived consumers about Natura Paint by failing to disclose that the "Green Promise" is in fact Benjamin Moore's own seal and not the endorsement and/or certification of an independent third party.

*Benjamin Moore agreed to stop misrepresenting that its Natura Paint was*
*Emission Free and contained Zero VOCs*

59.     As a result of the FTC proceeding, Benjamin Moore agreed to stop making misleading, unqualified, and/or unsubstantiated claims that Natura Paint was Emission Free and contained Zero VOCs.

60.     Benjamin Moore also agreed to stop making the misrepresentation that Natura Paint was endorsed and/or certified by an independent third party by way of its "Green Promise" seal.

61.     True and correct copies of the FTC decision and order are attached as **Exhibit B**.

*Plaintiff and Class Members were damaged by Benjamin Moore's breach of its "Green*
*Promise," and by its unfair and deceptive trade practices*

62.     Plaintiff and putative Class Members purchased Natura Paint directly from Benjamin Moore or through its retailers.

63.     Plaintiff purchased Natura Paint from an exclusive Benjamin Moore retailer called Peninsula Paint, located in Poulsbo, Washington, in Kitsap County.

CLASS ACTION COMPLAINT - 11

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

64.     The "Green Promise" was an express warranty given to every purchaser and was part of the basis of the bargain.

65.     Plaintiff and Class Members were damaged because the Natura Paint did not conform and/or Benjamin Moore had no evidence that the Natura Paint conformed to the "Green Promise" warranty printed on the label of each can of paint.

66.     Plaintiff and Class Members received a defective can of paint.

67.     The Natura Paint that the Plaintiff and each Class Member received was defective because Benjamin Moore warranted that its paint was Emission Free and Zero VOC when in fact the paint was not and/or Benjamin Moore lacked the evidence to make such warranties.

68.     Plaintiff and Class Members did not get what they paid for.  In fact, Plaintiff and Class Members paid more for paint containing the Green Promise warranty—Emission Free and Zero VOCs— when in fact the paint was not and/or Benjamin Moore had no evidence that it was Emission Free and Zero VOC.

69.     Plaintiff and Class Members were damaged by Benjamin Moore's unfair and deceptive trade practice of misrepresenting that Natura Paint was Emission Free and Zero VOC.

70.     Plaintiff and Class Members were damaged by Benjamin Moore misrepresenting that Natura Paint was endorsed and/or certified by an independent third party by way of its "Green Promise" seal.

71.     Every purchaser was exposed to these misrepresentations because they were printed on the label of each can of Natura Paint.

72.     A reasonable consumer exposed to these misrepresentations would be deceived into believing that Natura Paint was, and that Benjamin Moore had evidence that it was, Emission Free and contained Zero VOCs.

CLASS ACTION COMPLAINT - 12

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

73.    A reasonable consumer receiving these misrepresentations would be deceived into believing that the "Green Promise" seal also meant that Natura Paint was endorsed and/or certified by an independent third party.

74.    Plaintiff was deceived by Benjamin Moore's false Green Promise.

75.    Reasonably believing that Natura Paint was a "green" product, Plaintiff let her young daughter use Natura Paint when painting their Kitsap County home, as illustrated in this photo:



76.    The paint can partially depicted at the bottom of the above photo is a can of Benjamin Moore Natura Paint.

CLASS ACTION COMPLAINT - 13

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

77.     The damages caused by Benjamin Moore's breach of warranty and unfair and deceptive trade practices are the cost of Natura Paint purchased, or the price-premium paid for it, or an amount to be determined at trial, including consequential damages, if any.

78.     Plaintiff and Class Members are entitled to Benjamin Moore's unjust enrichment in profiting from sales of its falsely and deceptively marketed paint product.

79.     Plaintiff and Class Members are entitled to statutory damages, punitive and exemplary damages, attorney fees, and costs.

## CLASS ACTION ALLEGATIONS

80.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

### *Class Definition*

81.     Plaintiff brings this action individually and on behalf of all other persons or entities similarly situated pursuant to CR 23 (the "Classes").

82.     Plaintiff brings this action and seeks certification of the following Classes:

   a. **National Class Based on Breach of Express Warranties, and Magnuson-Moss Warranty Act:**  All individuals and entities within the United States who purchased Natura Paint from the beginning of any applicable limitations period through the date of class certification (the "National Class").

   b. **Multi-State Class Based on Violation of State Consumer Protection Statutes:** All individuals and entities in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Rhode Island, Washington and Wisconsin who purchased Natura Paint from the beginning of any applicable limitations period through the date of class certification (the "Consumer Protection Multi-State Class").[1]

---

[1] The Washington Consumer Protection Act ("WCPA"), RCW 19.86.010, *et seq.*, forbids unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.  The states in the Consumer Protection Multi-State Class are limited to states with similar consumer protection laws—

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

c. **Washington Sub-Class Based on Breach of Express Warranties, Magnuson-Moss Warranty Act, and the Washington Consumer Protection Act:** All individuals and entities in the State of Washington who purchased Natura Paint from the beginning of any applicable limitations period through the date of class certification (the "Washington Sub-Class").

83.    Excluded from the Classes are Benjamin Moore, and any entities in which Benjamin Moore has a controlling interest, Benjamin Moore's agents, employees, and their legal representatives, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family, as well as Plaintiff's counsel, their staff, and immediate family.

84.    Plaintiff reserves the right to amend the class definitions if further information and discovery indicate that the class definitions should be narrowed, expanded, or otherwise modified.

85.    Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

### *Numerosity – CR 23(a)(1)*

86.    The members of the Classes are so numerous that their individual joinder herein is impracticable.

87.    On information and belief, Class Members number in at least the thousands, and could number in the tens of thousands or hundreds of thousands.

---

namely: California (Cal. Bus. & Prof. Code § 17200, *et seq.*); Illinois (815 ILCS 505/1, *et seq.*); Florida (Fla. Stat. § 501.201 *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A *et seq.*); Michigan (Mich. Comp. Laws § 445.901 *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010 *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1); New Jersey (N.J. Stat. § 56:9-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349, *et seq.*); Rhode Island (R.I. Gen. L. Ch. 6-13.1); and Wisconsin (WIS. STAT. § 100.18, *et seq.*).

CLASS ACTION COMPLAINT - 15

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

88.     The precise number of Class Members and their addresses are presently unknown to Plaintiff, but may be ascertained from Benjamin Moore's books and records and/or books and records over which Benjamin Moore has control.

89.     Class Members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

### Commonality and Predominance – CR 23(a)(2) and 23(b)(3)

90.     Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members.

91.     Common questions of law or fact include:

a.      Whether Benjamin Moore gave express warranties to the Plaintiff and Class Members under the applicable states' laws, *i.e.*, UCC 2-313, that its Natura Paint product was and/or that Benjamin Moore had evidence that it was Emission Free and contained Zero VOCs;

b.      Whether Benjamin Moore's express warranties were "written warranties" as defined under Magnuson-Moss, 15 U.S.C. § 2301(6)(A), because Benjamin Moore promised that Natura Paint was free of a defect (*i.e.*, was Emission Free and contained Zero VOCs);

c.      Whether Benjamin Moore breached its express warranties under the applicable states' laws and Magnuson-Moss because the Natura Paint product did not conform to the express warranties that it was and/or that Benjamin Moore had evidence that it was Emission Free and contained Zero VOCs;

d.      Whether Benjamin Moore caused damages to Plaintiff and Class Members by breaching its express warranties;

e.      Whether Benjamin Moore knew that its Natura Paint contained emissions after being applied according to the manufacturer's instructions;

f.      Whether Benjamin Moore knew that its Natura Paint contained VOCs after being applied according to the manufacturer's instructions;

g.      Whether Benjamin Moore engaged in unfair and deceptive trade practices by, among other things, misrepresenting to consumers that Natura Paint was

CLASS ACTION COMPLAINT - 16

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

Emission Free and contained Zero VOCs and/or that Benjamin Moore had evidence that it was Emission Free and contained Zero VOCs;

h.   Whether Benjamin Moore engaged in unfair and deceptive trade practices by, among other things, misrepresenting to consumers that its "Green Promise" seal was endorsed and/or certified by an independent third party;

i.   Whether a reasonable consumer receiving such misrepresentations would be deceived by them;

j.   Whether the misrepresentations violated the applicable state consumer protection statutes referenced in this Complaint;

k.   Whether Plaintiff and Class Members were damaged by Benjamin Moore's misrepresentations;

l.   Whether Plaintiff and Class Members are entitled to statutory damages, punitive or exemplary damages, attorneys fees, and costs under the applicable state laws and Magnuson-Moss; and

m.   Whether Benjamin Moore was unjustly enriched at the expense of Plaintiff and Class members.

92.   Benjamin Moore engaged in a common course of conduct giving rise to the legal rights Plaintiff seeks to enforce, on behalf of herself and the other Class Members.

93.   Similar or identical statutory and common law violations, business practices, and injuries are involved.

94.   Individual questions, if any, pale in comparison, in both quality and quantity, to the numerous common questions that dominate this action.

### *Typicality – CR 23(a)(3)*

95.   Plaintiff's claims are typical of the claims of the other members of the Classes.

96.   Among other things, all Class Members were comparably injured through Benjamin Moore's breach of express warranties and misrepresentations described above.

97.   Further, there are no defenses available to Benjamin Moore unique to Plaintiff or to any particular Class Members.

CLASS ACTION COMPLAINT - 17

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

*Adequacy of Representation – CR 23(a)(4)*

98.     Plaintiff is an adequate Class representative because:

   a.  her interests do not conflict with the interests of the other Class Members she

       seeks to represent;

   b.  she has retained counsel competent and experienced in complex class action

       litigation; and

   c.  she will prosecute this action vigorously.

99.     The Classes' interests will be fairly and adequately protected by Plaintiff and the

undersigned counsel.

*Insufficiency of Separate Actions – CR 23(b)(1)*

100.    Absent a representative class action, members of the Classes would as a practical

matter continue to suffer the harm described herein, for which they would have no remedy.

101.    Even if separate actions could be brought by individual consumers, the resulting

multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants,

as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the

interests of similarly situated purchasers, substantially impeding their ability to protect their

interests, while establishing incompatible standards of conduct for Benjamin Moore.

102.    The proposed Classes satisfy the requirements of CR 23(b)(1).

*Declaratory and Injunctive Relief – CR 23(b)(2)*

103.    Benjamin Moore has acted or refused to act on grounds generally applicable to

Plaintiff and the other members of the Classes, thereby making appropriate any final injunctive

relief and declaratory relief ordered by the Court.

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

1
2
3      *Superiority – CR 23(b)(3)*
4
5          104.   A class action is superior to any other available means for the fair and efficient
6      adjudication of this controversy.
7
8          105.   Although potentially large, there are no unusual or insurmountable difficulties
9      likely to be encountered in the management of this class action.
10
11         106.   The damages or other financial detriment suffered by Plaintiff and the other
12
13     members of the Classes are relatively small compared to the burden and expense that would be
14
15     required to individually litigate their claims against Benjamin Moore.
16
17         107.   It would be impracticable for members of the Classes to individually seek redress
18
19     for Benjamin Moore's wrongful conduct.
20
21         108.   Even if members of the Classes could afford individual litigation, the court system
22
23     could not.
24
25         109.   Individualized litigation would create a potential for inconsistent or contradictory
26
27     judgments, and increase the delay and expense to all parties and the court system.
28
29         110.   By contrast, the class action device presents far fewer management difficulties, and
30
31     provides the benefits of single adjudication, economy of scale, and comprehensive supervision by
32
33     a single court.
34
35                                    **CAUSES OF ACTION**
36
37                                          **Count I**
38
39                            **Breach of Express Warranties**
40                            **(On behalf of the National Class**
41                     **and, alternatively, the Washington Sub-Class)**
42
43         111.   Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint
44
45     as if fully stated herein.

CLASS ACTION COMPLAINT - 19

GORDON    1001 Fourth Avenue
TILDEN    Suite 4000
THOMAS    Seattle, WA  98154-1007
CORDELL   206.467.6477

*Benjamin Moore made express warranties*

112.     Plaintiff brings this claim against Benjamin Moore on behalf of herself, the National Class, and, alternatively, the Washington Sub-Class (for purposes of this Count, the "Classes").

113.     Benjamin Moore is in the business of manufacturing, designing, supplying, marketing, advertising, warranting, and selling paint, stains, and sealants including Natura Paint.

114.     Benjamin Moore made express warranties to Plaintiff and the Classes when it provided its "Green Promise" promising that Natura Paint was Emission Free and contained Zero VOCs.

115.     These promises were:

    a.   printed on the label of each can of paint;

    b.   every purchaser received the promises printed on the label;

    c.   they related to the goods;

    d.   they were part of the basis of the bargain; and

    e.   the promises warranted that Natura Paint would conform to those promises.

*Benjamin Moore breached its express warranties*

116.     Benjamin Moore breached its express warranties because Natura Paint contained emissions and VOCs when applied according to the manufacturer's instructions and/or Benjamin Moore had no evidence that it did not contain emissions or VOCs.

117.     Natura Paint, therefore, did not conform to Benjamin Moore's warranty that the paint was Emission Free and contained Zero VOCs.

118.     Benjamin Moore's conduct described in this Complaint constitutes a breach of express warranties under UCC § 2-313, as adopted by the following state statutes:

CLASS ACTION COMPLAINT - 20

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

Ala. Code § 7-2-313, *et seq.*; Alaska Stat. § 45.02.313, *et seq.*; Ariz. Rev. Stat. § 47-2313, *et seq.*; Ark. Code § 4-2-313, *et seq.*; Cal. Com. Code § 2313, *et seq.*; Colo. Rev. Stat. § 4-2-313, *et seq.*; Conn. Gen. Stat. § 42a-2-313, *et seq.*; 6 Del. C. § 2-313, *et seq.*; D.C. Code § 28:2-313, *et seq.*; Fla. Code § 672.313, *et seq.*; O.C.G.A. § 11-2-313, *et seq.*; Haw. Rev. Stat. § 490:2-313, *et seq.*; Idaho Code § 28-2-313, *et seq.*; 810 Ill. Comp. Stat. 5/2-313, *et seq.*; Ind. Code § 26-1-2-313, *et seq.*; Iowa Code § 554.2313, *et seq.*; Kan. Stat. § 84-2-313, *et seq.*; Ky. Rev. Stat. § 355.2-313, *et seq.*; La. Rev. Stat § 9:2800.53(6) , *et seq.*; 11 M.R.S.A. § 2-313, *et seq.*; Md. Code Ann., Com. Law § 2-313, *et seq.*; Mass. Code 106, § 2-313, *et seq.*; Mich. Comp. Laws 440.2313, *et seq.*; Minn. Stat. § 336.2-313, *et seq.*; Miss. Code § 75-2-313, *et seq.*; Mo. Rev. Stat. § 400.2-313, *et seq.*; Mont. Code § 30-2-313, *et seq.*; Neb. U.C.C. § 2-313, *et seq.*; Nev. Rev. Stat. § 104.2313, *et seq.*; N.H. Rev. Stat. § 382-A:2-313, *et seq.*; N.J. Stat. § 12A:2-313, *et seq.*; N.M. Stat. § 55-2-313, *et seq.*; N.Y. U.C.C. § 2-313, *et seq.*; N.C. Gen. Stat. § 25-2-313, *et seq.*; N.D. Cent. Code § 41-02-30, *et seq.*; Ohio Rev. Code § 1302.26, *et seq.*; Okla. Stat. Tit. 12A, § 2-313, *et seq.*; Or. Rev. Stat. § 72.3130, *et seq.*; 13 Pa. Cons. Stat. § 2313, *et seq.*; R.I. Gen. Laws § 6A-2-313, *et seq.*; S.C. Code § 36-2-313, *et seq.*; S.D. Codified Laws § 57A-2-313, *et seq.*; Tenn. Code § 47-2- 313, *et seq.*; V.T.C.A., Bus. & C. § 2.313, *et seq.*; Utah Code § 70A-2-313, *et seq.*; Vt. Stat. Tit. 9A, § 2-313, *et seq.*; Va. Code § 8.2-313, *et seq.*; Wash. Rev. Code § 62A.2-313, *et seq.*; W. Va. Code § 46-2-313, *et seq.*; Wis. Stat. § 402.313, *et seq.*; and Wyo. Stat. § 34.1-2-313, *et seq.*

### *Benjamin Moore's breach of its express warranties damaged Plaintiff and the Class Members*

119.   As a result of Benjamin Moore's breach of its express warranties, Plaintiff and each member of the Classes has been damaged in an amount equal to the cost of Natura Paint purchased, or the price-premium paid for it, or an amount to be determined at trial, including consequential damages, if any.

### *Benjamin Moore received notice of these breaches but has not cured them*

120.   On August 22, 2017, prior to filing suit, Plaintiff and members of the Classes notified Defendant of its breaches of warranty in respect to the Natura Paint product.

121.   A true and correct copy of this notice letter is attached hereto as **Exhibit C**.

122.   Benjamin Moore has not cured the breaches.

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

123.    It would be futile to give Benjamin Moore any additional time to attempt to cure its breaches.

124.    Any requirement that Plaintiff and Classes resort to an informal dispute settlement procedure or afford Benjamin Moore additional opportunity to cure its breaches of warranty described herein is excused or has been satisfied.

## Count II

### Violations of the Magnuson-Moss Warranty Act
### 15 U.S.C. § 2301, *et seq.*
### (On behalf of the National Class
### and, alternatively, the Washington Sub-Class)

125.    Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

### *Benjamin Moore's express warranties under state law are*
### *"written warranties" subject to Magnuson-Moss*

126.    Plaintiff brings this claim against Benjamin Moore on behalf of herself, the National Class, and, alternatively, the Washington Sub-Class (for purposes of this Count, the "Classes").

127.    Plaintiff and the other members of the Classes are consumers under 15 U.S.C. § 2301(3).

128.    Benjamin Moore is a supplier and warrantor under 15 U.S.C. § 2301(4)-(5).

129.    Natura Paint is a consumer product under 15 U.S.C. § 2301(1).

130.    Benjamin Moore's express warranties identified in Count I of this Complaint are "written warranties" as defined under 15 U.S.C. § 2301(6)(A).

131.    The Magnuson-Moss Warranty Act defines a "written warranty" as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by

CLASS ACTION COMPLAINT - 22

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." *Id.*

132.    The warranties printed on the label of each can of Natura Paint were "written warranties" under Magnuson-Moss because they promised the product was free of a defect – *i.e.*, that the product was Emission Free and contained Zero VOCs.

133.    Natura Paint was in fact defective as warranted because the product contained emissions and VOCs when applied according to the manufacturer's instructions and/or Benjamin Moore had no evidence that it did not contain emissions or contained zero VOCs.

### Plaintiff and the Class Members are entitled to damages under the Magnuson-Moss Warranty Act

134.    15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer damaged by the failure of a warrantor to comply with a "written warranty" as defined by Magnuson-Moss.

135.    Plaintiff and members of the Classes are entitled to damages under the state law express warranty claims (Count I) and under Magnuson-Moss (Count II), including but not limited to recovery of their reasonable attorneys' fees and costs.

### Benjamin Moore received notice of these breaches but has not cured them

136.    The Plaintiff and members of the Classes have provided notice to Benjamin Moore pursuant to 15 U.S.C. § 2310(e) and afforded it a reasonable opportunity to cure its breaches of warranty.

137.    On August 22, 2017, prior to filing suit, Plaintiff and members of the Classes notified Defendant of its breaches of warranty in respect to the Natura Paint product. *See* **Exhibit C.**

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

138.   Benjamin Moore has not cured the breaches.

139.   It would be futile to give Benjamin Moore additional time to attempt to cure its breaches.

140.   Moreover, any requirement that Plaintiff and Classes resort to an informal dispute settlement procedure or afford Benjamin Moore additional opportunity to cure the breaches of warranty described herein is excused or has been satisfied.

### Count III

### Violation of the State Consumer Protection Acts
### (On Behalf of the Consumer Protection Multi-State Class)

141.   Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

### *Benjamin Moore's unfair and deceptive trade practices violate*
### *multiple states' consumer protection laws*

142.   Plaintiff brings this claim against Benjamin Moore on behalf of herself and the Consumer Protection Multi-State Class (for purposes of this Count, the "Multi-State Class").

143.   The Consumer Protection Acts of those states identified in the Consumer Protection Multi-State Class prohibit unfair or deceptive business practices in the conduct of trade or commerce.

144.   Plaintiff and the other members of the Multi-State Class have standing to pursue a cause of action for violation of the Consumer Protection Acts of the states in the Consumer Protection Multi-State Class because Plaintiff and members of the Multi-State Class have suffered an injury in fact and lost money as a result of Benjamin Moore's actions set forth herein.

145.   Benjamin Moore engaged in unfair and/or deceptive trade practices impacting the public interest by, among other things, misrepresenting on the label of each can of Natura Paint a

CLASS ACTION COMPLAINT - 24

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

"Green Promise" that its product was Emission Free and contained Zero VOCs when in fact the paint contained (i) emissions; and (ii)  VOCs and/or Benjamin Moore had no evidence that it failed to emit VOCs.

146.    Benjamin Moore also engaged in unfair and/or deceptive trade practices impacting the public interest by, among other things, misrepresenting on the label of each can of Natura Paint a "Green Promise" that misrepresented that the paint was endorsed and/or certified by an independent third party.

### Benjamin Moore's unfair and deceptive practices damaged Plaintiff and the Multi-State Class Members

147.    Every consumer was exposed to these misrepresentations because they were printed on the label of each can of Natura Paint.

148.    A reasonable consumer exposed to these misrepresentations would be deceived by them. A reasonable consumer receiving these misrepresentations would be deceived into believing that Natura Paint was Emission Free and contained Zero VOCs and/or that Benjamin Moore had evidence supporting such representations.

149.    A reasonable consumer receiving these misrepresentations would also be deceived into believing that the "Green Promise" seal meant that Natura Paint was endorsed and/or certified by an independent third party.

150.    The measure of damages caused by Benjamin Moore's unfair and deceptive trade practices is the cost of Natura Paint purchased, or the price-premium paid for it, or an amount to be determined at trial, including consequential damages, if any.

151.    Plaintiff and members of the Multi-State Class are also entitled to statutory damages, punitive and exemplary damages, attorneys' fees, and costs.

GORDON TILDEN THOMAS CORDELL   1001 Fourth Avenue Suite 4000 Seattle, WA  98154-1007 206.467.6477

**Count IV**
**(In the Alternative to Count III)**

**Violation of Washington Consumer Protection Act**
**(On Behalf of the Washington Sub-Class)**

152.    Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

*Benjamin Moore's unfair and deceptive trade practices violates*
*the Washington Consumer Protection Act*

153.    Plaintiff brings this claim against Benjamin Moore on behalf of herself and the Washington Sub-Class (for purposes of this Count, the "Washington Sub-Class").

154.    The Washington Consumer Protection Act ("WCPA") prohibits unfair or deceptive acts or practices in trade or commerce.

155.    Plaintiff and the other members of the Washington Sub-Class have standing to pursue a cause of action for violation of the WCPA because Plaintiff and members of the Washington Sub-Class have suffered an injury in fact and lost money as a result of Benjamin Moore's actions set forth herein.

156.    Benjamin Moore engaged in unfair and/or deceptive trade practices impacting the public interest by, among other things, misrepresenting on the label of each can of Natura Paint a "Green Promise" that its product was Emission Free and contained Zero VOCs when in fact the paint emitted VOCs and/or Benjamin Moore had no evidence supporting such representations.

157.    Benjamin Moore also engaged in unfair and/or deceptive trade practices impacting the public interest by, among other things, misrepresenting on the label of each can of Natura Paint a "Green Promise" that misrepresented to the consumer that the paint was endorsed and/or certified by an independent third party.

CLASS ACTION COMPLAINT - 26

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

*Benjamin Moore's unfair and deceptive practices caused damage to*
*Plaintiff and the Washington Sub-Class Members*

158.   Every consumer was exposed to these misrepresentations because they were printed on the label of each can of Natura Paint.

159.   A reasonable consumer exposed to these misrepresentations would be deceived by them. A reasonable consumer receiving these misrepresentations would be deceived into believing that Natura Paint was Emission Free and contained Zero VOCs and/or that Benjamin Moore had evidence supporting such representations.

160.   A reasonable consumer receiving these misrepresentations would also be deceived into believing that the "Green Promise" seal meant that Natura Paint was endorsed and/or certified by an independent third party.

161.   The measure of damages caused by Benjamin Moore's unfair and deceptive trade practices is the cost of Natura Paint purchased, or the price-premium paid for it, or an amount to be determined at trial, including consequential damages, if any.

162.   Plaintiff and members of the Washington Sub-Class are also entitled to statutory damages, punitive and exemplary damages, attorneys' fees, and costs.

### Count V

**Alternatively, Unjust Enrichment**
**(On Behalf of the National Class and, alternatively, the Washington Sub-Class)**

163.   Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

164.   Plaintiff brings this claim on behalf of herself, the National Class and, alternatively the Washington Sub-Class (for purposes of this Count, the "Classes").

CLASS ACTION COMPLAINT - 27

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

165. Plaintiff and the other members of the Classes have conferred financial benefits, whether directly or indirectly, on Benjamin Moore by purchasing its Natura Paint.

166. Benjamin Moore has been unjustly enriched in retaining revenues derived from the purchases of Natura Paint by Plaintiff and the other members of the Classes.

167. For the reasons described above, Benjamin Moore's retention of monies from sales of its deceptively and falsely advertised Natura Paint would be unjust and inequitable.

## **REQUEST FOR RELIEF**

Plaintiff, individually and on behalf of the other members of the proposed Classes, respectfully requests the following relief:

A. Certification of the Classes as requested, designation of Plaintiff as Class Representative, and appointment of the undersigned counsel as Class Counsel;

B. Actual damages to Plaintiff and Class Members for Defendant's breach of express warranties, violations of the Magnuson-Moss Warranty Act, and violation of the Washington Consumer Protection Act, and other state consumer protection acts;

C. Statutory, consequential, exemplary, treble, and/or punitive damages to Plaintiff and Class Members as permitted by law;

F. Attorneys' fees and costs;

G. Alternatively, restitution of Defendant's ill-gotten gains, *i.e.*, unjust enrichment;

H. Pre- and post-judgment interest;

I. A declaration prohibiting the false and deceptive advertising or marketing of Natura Paint as described above; and

J. Such other and further relief as may be just and proper.

///

///

///

///

CLASS ACTION COMPLAINT - 28

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

DATED this 25th day of January 2018.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Plaintiffs

By _____

Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
Brendan Winslow-Nason, WSBA #39328
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
T. 206.467.6477
F. 206.467.6292
jthomas@gordontilden.com
mwilner@gordontilden.com
bwinslow-nason@gordontilden.com

**KOZONIS LAW, LTD.**
Attorneys for Plaintiffs

By _____

Gary M. Klinger
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
T: 312.283.3814
gklinger@kozonislaw.com
*Pro Hac Vice Forthcoming*

**WASKOWSKI JOHNSON YOHALEM LLP**
Attorneys for Plaintiffs

By _____

Daniel R. Johnson
954 W. Washington Blvd., Suite 322
Chicago, Illinois 60607
T: 312-278-3153
djohnson@wjylegal.com
*Pro Hac Vice Forthcoming*

CLASS ACTION COMPLAINT - 29

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

# EXHIBIT A

1623079

## UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:     **Maureen K. Ohlhausen, Acting Chairman**
                                  **Terrell McSweeny**

| | |
|---|---|
| **In the Matter of** | |
| **BENJAMIN MOORE & CO., INC., a corporation.** | **DOCKET NO. C-** |

## COMPLAINT

The Federal Trade Commission, having reason to believe that Benjamin Moore & Co., Inc., a corporation, has violated the provisions of the Federal Trade Commission Act, and it appearing to the Commission that this proceeding is in the public interest, alleges:

1. Respondent Benjamin Moore & Co., Inc. is a New Jersey corporation, with its principal office or place of business at 101 Paragon Drive, Montvale, New Jersey 07645.

2. Respondent has manufactured, advertised, labeled, offered for sale, sold, and distributed paint products to consumers, including Natura paints.

3. The acts and practices of Respondent alleged in this complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act.

### Benjamin Moore's Natura Paints

4. Respondent distributes Natura paints through a network of authorized, independent retailers, as well as through its own stores and website.

5. Respondent and its independent retailers have disseminated or have caused to be disseminated advertisements, packaging, and other promotional materials for Natura paints to consumers, including the attached Exhibits A-G. These materials include the following statements and depictions:

      a.

| ON SCREEN | VOICEOVER |
|---|---|
| A group of painters enter quietly into a room filled with cribs. While a baby | If you want a paint with no harsh fumes; if you want a paint without |

sleeps in a crib, they begin to paint a mural on a wall.

Painters exit and the baby wakes up, smiling and standing in the crib.

harmful chemicals; if you want a paint that is safer for your family and the environment, only this can. Natura by Benjamin Moore.

(Exhibit A, Benjamin Moore Natura 30-second advertisement).



(Exhibit A, screenshots from Benjamin Moore Natura 30-second advertisement).

2



**GOING BEYOND JUST GREEN**

**NATURA IS GREEN WITHOUT COMPROMISE®**

With zero VOCs, zero emissions and no harsh fumes™, Natura can have a positive impact on air quality. This is a truly environmentally friendly paint without sacrifice to performance or color integrity.





**INDEPENDENTLY TESTED & CERTIFIED**

Natura is Benjamin Moore's most-decorated product. Whether you are painting a home, school or a building, you can be confident in knowing you've used the best for your environmentally sensitive project needs.

**2015 Product of the Year award**
This award seeks to guide consumers to products for their quality and innovation by category. It is a consumer-voted award based on a survey of 40,000 consumers conducted by TNS, a global consumer research company. Natura was selected in the Interior Paint category.

**asthma & allergy friendly™**
Administered by the Asthma and Allergy Foundation of America, this program seeks to scientifically test and identify consumer products that are more suitable for people with asthma and allergies. For more information, visit www.aafa.org/certified

**Cradle to Cradle Certified™ Silver**
Cradle to Cradle CertifiedCM is a multi-attribute certification program. Products are evaluated for material health, material reutilization, renewable energy and carbon management, water

stewardship, and social fairness. For more information about the Cradle to Cradle Products Innovation Institute visit www.C2CCertified.org

**Qualifies for LEED® & LEED v4 Credit**
The U.S. Green Building Council's rating system for green building leadership awards credit for satisfied prerequisites in design, construction and maintenance. For more information visit www.usgbc.org

**MPI Green Performance™**
Masters Painters Institute educates professionals on products based on performance-based standards and lab testing. Natura meets multiple specifications including those under MPI Green Performance™.

**CHPS (Collaborative for High Performance Schools)**
Provides the acceptance criteria for products that help schools meet that green building criteria and derive environmental benefits to their eco-points.

(Exhibit B, print brochure).

3

b.



## Natura® Zero VOC and Zero Emissions' Paint



### Beautiful Color. Lasting Durability. None of the other stuff.

Creating a greener and safer life for you and your family should be simple. It should be easy to find environmentally sustainable products that offer exactly what you want - and nothing you don't.

At Benjamin Moore, we're committed to providing environmentally-friendly products that both protect and beautify your home. Natura paint goes beyond zero VOC to offer zero emissions and virtually no odor, so there is nothing standing between you and gorgeous rooms your whole family can enjoy. Its patented manufacturing process was also designed to ensure that there is no compromise on style or results. With Natura, what's good for your walls is even better for your family - and the planet.

LEARN MORE +    FIND A STORE +

(Exhibit C, www.benjaminmoore.com/natura).

### **Benjamin Moore's Green Promise Seal**

6. Respondent distributes paint products bearing the "Green Promise" seal, including Natura paints. These products contain the following depictions:

a.



(Exhibit D, www.benjaminmoore.com).

4

b.



(Exhibit E, Natura paint can label).

## Count I
## Unsubstantiated Claims

7. In connection with the advertising, promotion, offering for sale, or sale of Natura paints, Respondent has represented, directly or indirectly, expressly or by implication, that:
    a. Natura paints are emission-free.
    b. Natura paints are emission-free during or immediately after painting.
    c. Natura paints will not emit any chemical or substance, including VOCs, that causes material harm to consumers, including sensitive populations such as babies, asthmatics, and allergy sufferers.
    d. Natura paints will not emit any chemical or substance, including VOCs, during or immediately after painting, that causes material harm to consumers, including sensitive populations such as babies, asthmatics, and allergy sufferers.

8. The representations set forth in Paragraph 7 were not substantiated at the time the representations were made.

## Count II
## Deceptive Failure to Disclose—Material Connection with Green Promise

9. In connection with the advertising, promotion, offering for sale, or sale of its paints, such as through the use of its Green Promise seal, Respondent has represented, directly or indirectly, expressly or by implication, that these paints have been endorsed or certified by an independent third party.

5

10. Respondent has failed to disclose or adequately disclose that Respondent has a material connection to Green Promise, such as the fact the Green Promise seal is Respondent's own designation. This fact would be material to consumers in their purchase or use decisions regarding Respondent's paints.

11. Respondent's failure to disclose or adequately disclose the material information described in Paragraph 10, in light of the representation set forth in Paragraph 9, is a deceptive act or practice.

## Count III
## Means and Instrumentalities

12. Respondent has distributed promotional materials, including the statements and depictions contained in Exhibits A through G to independent distributors and retailers. In so doing, Respondent has provided them with the means and instrumentalities for the commission of deceptive acts or practices.

## Violations of Section 5

13. The acts and practices of Respondent as alleged in this complaint constitute unfair or deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act.

THEREFORE, the Federal Trade Commission this _____ day of _____, 2017, has issued this Complaint against Respondent.

By the Commission.


Donald S. Clark
Secretary


SEAL:

6

# EXHIBIT B

# UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

| | |
|---|---|
| In the Matter of | **Agreement Containing Consent Order** |
| **BENJAMIN MOORE & CO., INC.,**<br>a corporation. | File No.  1623079 |

The Federal Trade Commission ("Commission") has conducted an investigation of certain acts and practices of Benjamin Moore & Co., Inc. ("Proposed Respondent"). The Commission's Bureau of Consumer Protection ("BCP") has prepared a draft of an administrative Complaint ("draft Complaint"). BCP and Proposed Respondent, through their duly authorized officers, enter into this Agreement Containing Consent Order ("Consent Agreement") to resolve the allegations in the attached draft Complaint through a proposed Decision and Order to present to the Commission, which is also attached and made a part of this Consent Agreement.

**IT IS HEREBY AGREED** by and between Proposed Respondent and BCP, that:

1. The Proposed Respondent is Benjamin Moore & Co., Inc., a New Jersey corporation with its principal office or place of business at 101 Paragon Drive, Montvale, New Jersey 07645.

2. Proposed Respondent neither admits nor denies any of the allegations in the Complaint, except as specifically stated in the Decision and Order. Only for purposes of this action, Proposed Respondent admits the facts necessary to establish jurisdiction.

3. Proposed Respondent waives:

    a. Any further procedural steps;

    b. The requirement that the Commission's Decision contain a statement of findings of fact and conclusions of law; and

    c. All rights to seek judicial review or otherwise to challenge or contest the validity of the Decision and Order issued pursuant to this Consent Agreement.

4. This Consent Agreement will not become part of the public record of the proceeding unless and until it is accepted by the Commission. If the Commission accepts this Consent Agreement, it, together with the draft Complaint, will be placed on the public record for 30 days and information about it publicly released. Acceptance does not constitute final approval, but it serves as the basis for further actions leading to final disposition of the matter. Thereafter, the

Commission may either withdraw its acceptance of this Consent Agreement and so notify Proposed Respondent, in which event the Commission will take such action as it may consider appropriate, or issue and serve its Complaint (in such form as the circumstances may require) and decision in disposition of the proceeding, which may include an Order. *See* Section 2.34 of the Commission's Rules, 16 C.F.R. § 2.34.

5.  If this agreement is accepted by the Commission, and if such acceptance is not subsequently withdrawn by the Commission pursuant to Commission Rule 2.34, the Commission may, without further notice to Proposed Respondent: (1) issue its Complaint corresponding in form and substance with the attached draft Complaint and its Decision and Order; and (2) make information about them public. Proposed Respondent agrees that service of the Order may be effected by its publication on the Commission's website (ftc.gov), at which time the Order will become final. *See* Rule 2.32(d). Proposed Respondent waives any rights it may have to any other manner of service. *See* Rule 4.4.

6.  When final, the Decision and Order will have the same force and effect and may be altered, modified, or set aside in the same manner and within the same time provided by statute for other Commission orders.

7.  The Complaint may be used in construing the terms of the Decision and Order. No agreement, understanding, representation, or interpretation not contained in the Decision and Order or in this Consent Agreement may be used to vary or contradict the terms of the Decision and Order.

8.  Proposed Respondent agrees to comply with the terms of the proposed Decision and Order from the date it signs this Consent Agreement. Proposed Respondent understands that it may be liable for civil penalties and other relief for each violation of the Decision and Order after it becomes final.

**Benjamin Moore & Co., Inc.**          **FEDERAL TRADE COMMISSION**

By:_____          By:_____
Name:_____          Katherine Johnson
Title:_____          Attorney, Bureau of Consumer Protection
Date:_____                    Date:_____


COUNSEL TO PROPOSED RESPONDENT:          APPROVED:

By: _____          By: _____
Mark D. Godler                            James A. Kohm
Kaye Scholer LLP                          Associate Director, Enforcement Division
250 West 55th Street                      Date:_____
New York, New York 10019-9710

2

T: (212) 836-7087
F: (212) 836-6487
Mark.Godler@kayescholer.com
Date:_____

By: _____
Thomas B. Pahl, Acting Director
Bureau of Consumer Protection
Date:_____

1623079

## UNITED STATES OF AMERICA
## BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:      Maureen K. Ohlhausen, Acting Chairman
                    Terrell McSweeny

| | |
|---|---|
| In the Matter of | Decision and Order |
| BENJAMIN MOORE & CO., INC.,<br>a corporation. | Docket No. C-_____ |

## DECISION

The Federal Trade Commission ("Commission") initiated an investigation of certain acts and practices of the Respondent named above in the caption. The Commission's Bureau of Consumer Protection ("BCP") prepared and furnished to Respondent a draft Complaint. BCP proposed to present the draft Complaint to the Commission for its consideration. If issued by the Commission, the draft Complaint would charge the Respondent with violations of the Federal Trade Commission Act.

Respondent and BCP thereafter executed an Agreement Containing Consent Order ("Consent Agreement"). The Consent Agreement includes: 1) statements by Respondent that it neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Decision and Order, and that only for purposes of this action, Respondent admits the facts necessary to establish jurisdiction; and 2) waivers and other provisions as required by the Commission's Rules.

The Commission considered the matter and determined that it had reason to believe that Respondent has violated the Federal Trade Commission Act, and that a Complaint should issue stating its charges in that respect. The Commission accepted the executed Consent Agreement and placed it on the public record for a period of 30 days for the receipt and consideration of public comments. The Commission duly considered any comments received from interested persons pursuant to Section 2.34 of its Rules, 16 C.F.R. § 2.34. Now, in further conformity with the procedure prescribed in Rule 2.34, the Commission issues its Complaint, makes the following Findings, and issues the following Order:

**Findings**

1. The Respondent is Benjamin Moore & Co., Inc, a New Jersey corporation with its principal office or place of business at 101 Paragon Drive, Montvale, New Jersey 07645.

2. The Commission has jurisdiction over the subject matter of this proceeding and over the Respondent, and the proceeding is in the public interest.

**ORDER**

**Definitions**

For purposes of this Order, the following definitions apply:

A. "Clearly and conspicuously" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made through only one means.

    2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

    3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

    4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

    5. On a product label, the disclosure must be presented on the principal display panel.

    6. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

    7. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "Close proximity" means that the disclosure is very near the triggering representation. In an interactive electronic medium (such as a mobile app or other computer program), a visual disclosure that cannot be viewed at the same time and in the same viewable area as the triggering representation, on the technology used by ordinary consumers, is not in close proximity. A disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation. A disclosure made on a different printed page than the triggering representation is not in close proximity.

C. "Covered product" means any architectural coating applied to stationary structures, portable structures, and their appurtenances.

D. "Volatile Organic Compound" ("VOC") means any compound of carbon that participates in atmospheric photochemical reactions, but excludes carbon monoxide, carbon dioxide, carbonic acid, metallic carbides or carbonates, ammonium carbonate, and specific compounds that the EPA has determined are of negligible photochemical reactivity, which are listed at 40 C.F.R. Section 51.100(s).

E. "Emission" means any compound that is emitted or produced during application, curing, or exposure of a covered product.

F. "Trace" level of emission means:

1. A VOC has not been intentionally added to the covered product;

2. Emission of the covered product does not cause material harm that consumers typically associate with emission, including harm to the environment or human health; and

3. Emission of the covered product does not result in more than harmless concentrations of any compound higher than would be found under normal conditions in the typical residential home without interior architectural coating.

G. "Certification" means any seal, logo, emblem, shield, or other insignia that expresses or implies approval or endorsement of any product, package, service, practice, or program, or any attribute thereof.

H. "Respondent" means Benjamin Moore & Co., Inc. and its successor and assigns.

3

### I.    Prohibited Misleading and Unsubstantiated Representations
### Regarding Emission and VOC Level of Covered Product

**IT IS ORDERED** that Respondent, and Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any covered product must not make any representation, expressly or by implication, that the emission level of a covered product is zero, or that the VOC level of a covered product is zero, unless the representation is non-misleading, including that, at the time such representation is made, Respondent possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that:

    A.  The covered product's emission is zero micrograms per meter cubed and the covered product's VOC content is zero grams per liter; or

    B.  The covered product does not emit or produce more than a trace level of emission.

For purposes of this Provision, "competent and reliable scientific evidence" means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

### II.    Prohibited Misleading and Unsubstantiated Representations
### Regarding Environmental and Health Claims

**IT IS FURTHER ORDERED** that Respondent, and Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any covered product must not make any representation, expressly or by implication, including through the use of a product name, regarding:

    A.  The emission of the covered product;

    B.  The VOC level of the covered product;

    C.  The odor of the covered product;

    D.  Any other health benefit or attribute of, or risk associated with exposure to, the covered product, including those related to VOC, emission, or chemical composition; or

    E.  Any other environmental benefit or attribute of the covered product, including those related to VOC, emission, or chemical composition,

4

unless the representation is non-misleading, including that, at the time such representation is made, Respondent possesses and relies upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Provision, "competent and reliable scientific evidence" means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

### III.   Notice to Dealers and Distributors

**IT IS FURTHER ORDERED** that Respondent deliver as soon as practicable, but in no event later than 60 days after the effective date of this Order, a notice in the form shown in Attachment A to all of Respondent's dealers and distributors, and all other entities to which Respondent provided point-of-sale advertising, including product labels, for any covered product identified in Attachment A. The notice required by this paragraph must not include any document or other enclosures other than those referenced in Attachment A.

### IV.   Prohibited Misleading Certification Marks

**IT IS FURTHER ORDERED** that Respondent and Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any covered product must not make any misrepresentation, expressly or by implication, regarding certifications, including:

A.  The fact that, or degree to which, a third party has, evaluated a product, package, service, practice, or program based on its environmental benefits or attributes; or

B.  That a certification is endorsed by an independent person or organization.

### V.   Disclosure of Material Connection

**IT IS FURTHER ORDERED** that Respondent and Respondent's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any product, package, certification, service, practice, or program, must not make any representation, in any manner, expressly or by implication, about any user or endorser of such product, package, certification, service, practice, or program unless Respondent discloses, clearly and conspicuously, and in close proximity to the representation, any unexpected material connection, when one exists, between such user or endorser and (1) the Respondent or (2) any other individual or entity affiliated with the product or service. For purposes of this Provision, "unexpected material connection" means any relationship that might materially affect the weight

or credibility of the testimonial or endorsement and that would not reasonably be expected by consumers.

## VI.    Means and Instrumentalities

**IT IS FURTHER ORDERED** that Respondent, and its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any covered product, must not provide to others the means and instrumentalities with which to make, directly or indirectly, expressly or by implication, including through the use of endorsements or trade names, any false, unsubstantiated, or otherwise misleading representation of material fact, including but not limited to any representation prohibited by Provisions I, II, IV, or V, above. For purposes of this Provision, "means and instrumentalities" shall mean any information, including, but not necessarily limited to, any advertising, labeling, or promotional, sales training, or purported substantiation materials, for use by trade customers in their marketing of any covered product, in or affecting commerce.

## VII.    Acknowledgments of the Order

**IT IS FURTHER ORDERED** that Respondent obtain acknowledgments of receipt of this Order:

A. Respondent, within 10 days after the effective date of this Order, must submit to the Commission an acknowledgment of receipt of this Order.

B. Respondent must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Provision titled Compliance Report and Notices. Delivery must occur within 10 days after the effective date of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Respondent delivered a copy of this Order, Respondent must obtain, within 30 days after delivery, a signed and dated acknowledgment of receipt of this Order.

## VIII.    Compliance Report and Notices

**IT IS FURTHER ORDERED** that Respondent make timely submissions to the Commission:

A. Sixty days after the issuance date of this Order, Respondent must submit a compliance report, sworn under penalty of perjury, in which Respondent must: (1) identify the primary physical, postal, and email address and telephone number, as designated points

of contact, which representatives of the Commission may use to communicate with Respondent; (2) identify all of Respondent's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business; (4) describe in detail whether and how Respondent is in compliance with each Provision of this Order, including a discussion of all of the changes the Respondent made to comply with the Order and a copy of the notice sent to dealers and distributors; and (5) provide a copy of each Acknowledgment of the Order obtained pursuant to this Order, unless previously submitted to the Commission.

B.  Respondent must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in any designated point of contact or the structure of Respondent or any entity that Respondent has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Respondent must submit notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Respondent within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  In re Benjamin Moore, Docket No. _____.

## IX.    Recordkeeping

**IT IS FURTHER ORDERED** that Respondent must create certain records and retain each such record for 5 years.  Specifically, Respondent must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints concerning the subject matter of the Order , including complaints involving representations covered by Parts I, II, IV, or V of the Order, whether received directly or indirectly, such as through a third party, and any response;

D. A copy of each unique advertisement or other marketing material making a representation subject to this Order;

E. For 5 years from the date of the last dissemination of any representation covered by this Order:

    1. All materials that were relied upon in making the representation; and

    2. All tests, analyses, research, studies, or other evidence in Respondent's possession, custody, or control that contradicts, qualifies, or otherwise calls into question the representation, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations; and

F. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## X.   Compliance Monitoring

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Respondent's compliance with this Order:

A. Within 10 days of receipt of a written request from a representative of the Commission, Respondent must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury, and produce records for inspection and copying.

B. For matters concerning this Order, representatives of the Commission are authorized to communicate directly with Respondent. Respondent must permit representatives of the Commission to interview anyone affiliated with Respondent who has agreed to such an interview. The interviewee may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Respondent or any individual or entity affiliated with Respondent, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

8

## XI.   Order Effective Dates

**IT IS FURTHER ORDERED** that this Order is final and effective upon the date of its publication on the Commission's website (ftc.gov) as a final order.  This Order will terminate 20 years from the date of its issuance (which is stated at the end of this Order, next to the Commission's seal), or 20 years from the most recent date that the United States or the Commission files a complaint (with or without an accompanying settlement) in federal court alleging any violation of this Order, whichever comes later; *provided, however,* that the filing of such a complaint will not affect the duration of:

A.  Any provision in this Order that terminates in less than 20 years;

B.  This Order's application to any Respondent that is not named as a defendant in such complaint; and

C.  This Order if such complaint is filed after the Order has terminated pursuant to this provision.

If such complaint is dismissed or a federal court rules that the Respondent did not violate any provision of the Order, and the dismissal or ruling is either not appealed or upheld on appeal, then the Order will terminate according to this provision as though the complaint had never been filed, except that the Order will not terminate between the date such complaint is filed and the later of the deadline for appealing such dismissal or ruling and the date such dismissal or ruling is upheld on appeal.

By the Commission.

Donald S. Clark
Secretary

SEAL:
ISSUED:

9

*Attachment A: Notice to Dealers and Distributors*

[on Respondent letterhead]


[insert date]


IMPORTANT NOTICE ABOUT _____
ADVERTISING AND MARKETING MATERIALS


[insert addressee name]
[insert addressee address used in the ordinary course of business]


Dear Dealer or Distributor,


In response to a complaint from the Federal Trade Commission, Benjamin Moore & Co., Inc. has agreed not to make claims that its paints contain zero VOCs (volatile organic compounds) or other harmful emissions, unless we can substantiate that the level is actually zero or otherwise comply with the settlement terms. We request that you immediately stop using existing _____ advertising and marketing materials that represent the emission level of any paint is zero, or that the VOC level of any paint is zero.

In addition, our in-house Green Promise certification mark did not adequately identify it as a self-certification or the specific characteristics of the certification.

We have included placards that you must display clearly and prominently next to the paint containers and at each point of sale to eliminate any misrepresentation to consumers. Enclosed are illustrations of how to properly place the placards. The placards must be displayed until you have sold all paint containers bearing the problematic claims.

We will make revised marketing materials available to you shortly. Should you have any questions about compliance with this notice, please contact [insert contact person]. In addition, you can obtain further information about the settlement by visiting www.ftc.gov and searching for "Benjamin Moore."


Sincerely,
[name]

## LABEL UPDATE:
## Benjamin Moore's "Zero Emission"
## and "Zero VOC" Paints

All "Zero Emission" and "Zero VOC" (volatile organic compound) paints emit chemicals during the painting process and while drying.  Some of these chemicals can be harmful to people, especially to sensitive groups such as babies and those suffering from asthma or allergies.

- Benjamin Moore Natura® Waterborne Interior "Zero Emission" paints may emit chemicals for the first 4 hours after latest application.

- Benjamin Moore "Zero VOC" interior paints may emit chemicals for the first 14 days after application.

## LABEL UPDATE:
## Benjamin Moore's "Green Promise" Certification

Benjamin Moore's Green Promise® designation is the Company's assurance that this product meets—and often exceeds—rigorous environmental and performance criteria regarding VOCs, emissions, application, washability, scrubbability, and packaging, while also delivering the premium levels of performance you expect from Benjamin Moore.

# EXHIBIT C



Gary M. Klinger, Esq.
4849 N. Milwaukee Ave, #300
Chicago, Illinois 60630
phone: (312) 283-3814
fax: (773) 496-8617
gklinger@kozonislaw.com

August 22, 2017

<u>**VIA UPS DELIVERY**</u>

Benjamin Moore & Co.
Legal Department
101 Paragon Drive
Montvale, NJ 07645

       Re:    *Whitney Poole, individually and on behalf of all others similarly situated v. Benjamin*
                *Moore & Co.*

Dear Benjamin Moore & Co.:

My firm represents Whitney Poole, a citizen of the State of Washington residing in the City of Seattle, and members of putative classes of consumers of Benjamin Moore's Natura paints (the "Product").

Like putative class members, Ms. Poole purchased the Product from one of her local retail paint stores. The Product was packaged, labeled, advertised, marketed, sold, and/or distributed with unqualified and unsubstantiated claims that the Product was, among other things, "emission-free" and/or free of any chemicals or substances, including Volatile Organic Compounds ("VOCs"). In addition, through the use of Benjamin Moore's "Green Promise" seal, the Product was packaged, labeled, advertised, marketed, sold, and/or distributed with express and/or implied representations that the claims about the Product had been endorsed and/or certified by an independent third-party. Ms. Poole and other putative members of the classes relied on the aforementioned representations about the Product at the time of purchase.

As you know, however, the Federal Trade Commission ("FTC") recently furnished a complaint alleging that Benjamin Moore deceived consumers with the aforementioned representations. As a result, Benjamin Moore agreed to stop making the aforementioned misleading claims. For this reason, Benjamin Moore's claims about the Product were false, deceptive and/or misleading, the Products have a substantially diminished value to Ms. Poole and the putative class members, and Ms. Poole and the putative class members have been damaged as a result.

August 22, 2017
Page 2 of 2

By this letter, Benjamin Moore is hereby put on notice by Ms. Poole and the classes she seeks to represent as to Benjamin Moore's breaches of warranty in respect to the Product.   Due to Benjamin Moore's conduct, Ms. Poole and members of the Classes seek damages.


Regards,

**KOZONIS LAW, LTD.**

*Gary M. Klinger*

Gary M. Klinger, Esq.

Exhibit B

FILED
KITSAP COUNTY CLERK

2018 JAN 25  PM 3: 30

ALISON H. SONNTAG

1
2
3
4
5
6
7
8
9
10          SUPERIOR COURT FOR THE STATE OF WASHINGTON
11                     COUNTY OF KITSAP
12
13
14  WHITNEY POOLE, individually and on        Cause No.   18-2-00231-18
15  behalf of all others similarly situated,
16                                             **DEMAND FOR JURY**
17                    Plaintiff,
18
19          v.
20
21  BENJAMIN MOORE & CO., INC., a New
22  Jersey corporation,
23
24                    Defendant.
25
26
27          Pursuant to CR 38, Plaintiff hereby requests a jury of 12 persons for the trial of this
28
29  matter.
30
31          The proper fee for this demand, the sum of $250, has been paid simultaneously with this
32
33  filing.
34
35  ///
36
37  ///
38
39  ///
40
41  ///
42
43  ///
44
45  ///

DEMAND FOR JURY - 1



GORDON       1001 Fourth Avenue
TILDEN       Su¹   18-2-00231-18
THOMAS       Se    DMJY12        3
CORDELL      20    Demand for Jury 12 Person
                   2473736



1
2
3    DATED this 25th day of January 2018.
4
5
6                          **GORDON TILDEN THOMAS & CORDELL** LLP
7                          Attorneys for Plaintiffs
8
9                          By
10                              Jeffrey M. Thomas, WSBA #21175
11                              Mark Wilner, WSBA #31550
12                              Brendan Winslow-Nason, WSBA #39328
13                              1001 Fourth Avenue, Suite 4000
14                              Seattle, Washington 98154
15                              T. 206.467.6477
16                              F. 206.467.6292
17                              jthomas@gordontilden.com
18                              mwilner@gordontilden.com
19                              bwinslow-nason@gordontilden.com
20
21                          **KOZONIS LAW, LTD.**
22                          Attorneys for Plaintiffs
23
24                          By
25                              Gary M. Klinger
26                              4849 N. Milwaukee Ave., Ste. 300
27                              Chicago, Illinois 60630
28                              T: 312.283.3814
29                              gklinger@kozonislaw.com
30                              *Pro Hac Vice Forthcoming*
31
32                          **WASKOWSKI JOHNSON YOHALEM LLP**
33                          Attorneys for Plaintiffs
34
35                          By
36                              Daniel R. Johnson
37                              954 W. Washington Blvd., Suite 322
38                              Chicago, Illinois 60607
39                              T: 312-278-3153
40                              djohnson@wjylegal.com
41                              *Pro Hac Vice Forthcoming*
42
43
44
45

DEMAND FOR JURY - 2

Exhibit C

FILED
KITSAP COUNTY CLERK

2018 JAN 25  PM 3: 30

ALISON H. SONNTAG

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KITSAP

WHITNEY POOLE, individually and on
behalf of all others similarly situated,

             Plaintiff,

    v.

BENJAMIN MOORE & CO., INC., a New
Jersey corporation,

             Defendant.

Cause No. 1 8 - 2 - 0 0 2 3 1 - 1 8

SUMMONS [20 DAYS]

[CR 4(b)(2)]

**THE STATE OF WASHINGTON, TO:**  BENJAMIN MOORE & CO., INC., Defendant.

    **TO THE DEFENDANT:**  A lawsuit has been started against you in the above-entitled court by plaintiff, Whitney Poole.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

    You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

SUMMONS [20 DAYS] - 1

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue



18-2-00231-18
SMCMP        2
Summons and Complaint
2473730

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 25th day of January 2018.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Plaintiffs

By _____

Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
Brendan Winslow-Nason, WSBA #39328
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
T. 206.467.6477
F. 206.467.6292
jthomas@gordontilden.com
mwilner@gordontilden.com
bwinslow-nason@gordontilden.com

**KOZONIS LAW, LTD.**
Attorneys for Plaintiffs

By _____

Gary M. Klinger
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
T: 312.283.3814
gklinger@kozonislaw.com
*Pro Hac Vice Forthcoming*

**WASKOWSKI JOHNSON YOHALEM LLP**
Attorneys for Plaintiffs

By _____

Daniel R. Johnson
954 W. Washington Blvd., Suite 322
Chicago, Illinois 60607
T: 312-278-3153
djohnson@wjylegal.com
*Pro Hac Vice Forthcoming*

SUMMONS [20 DAYS] - 2

**GORDON**
**TILDEN**
**THOMAS**
**CORDELL**

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

FILED
KITSAP COUNTY CLERK

2018 JAN 31  PM 1:09

ALISON H. SONNTAG

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KITSAP

| | |
|---|---|
| WHITNEY POOLE, individually and on behalf of all others similarly situated, | Cause No. 18-2-00231-18 |
| Plaintiff, | AMENDED SUMMONS [60 DAYS] |
| v. | [CR 4(e)(3)] |
| BENJAMIN MOORE & CO., INC., a New Jersey corporation, | |
| Defendant. | |

**THE STATE OF WASHINGTON, TO:**  BENJAMIN MOORE & CO., INC., Defendant.

**TO THE DEFENDANT:**  A lawsuit has been started against you in the above-entitled court by plaintiff, Whitney Poole.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

18-2-00231-18
AMSM              4
Amended Summons
2506905

AMENDED SUMMONS [60 DAYS] - 1

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

1     If you wish to seek the advice of an attorney in this matter, you should do so promptly so
2  that your written response, if any, may be served on time.
3
4     **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
5  State of Washington and RCW 4.28.180.
6
7     DATED this 29th day of January 2018.
8
9                              **GORDON TILDEN THOMAS & CORDELL** LLP
10                             Attorneys for Plaintiffs
11
12                             By  _Jeffrey Wilner Thomas_
13                             _____
14                             Jeffrey M. Thomas. WSBA #21175
15                             Mark Wilner, WSBA #31550
16                             Brendan Winslow-Nason. WSBA #39328
17                             1001 Fourth Avenue, Suite 4000
18                             Seattle, Washington 98154
19                             T. 206.467.6477
20                             F. 206.467.6292
21                             jthomas@gordontilden.com
22                             mwilner@gordontilden.com
23                             bwinslow-nason@gordontilden.com
24
25                             **KOZONIS LAW, LTD.**
26                             Attorneys for Plaintiffs
27
28                             By  _Gary M. Klinger_
29                             _____
30                             Gary M. Klinger
31                             4849 N. Milwaukee Ave.. Ste. 300
32                             Chicago, Illinois 60630
33                             T: 312.283.3814
34                             gklinger@kozonislaw.com
35                             *Pro Hac Vice Forthcoming*
36                             **WASKOWSKI JOHNSON YOHALEM LLP**
37                             Attorneys for Plaintiffs
38
39                             By  _Daniel R. Johnson_
40                             Daniel R. Johnson
41                             954 W. Washington Blvd., Suite 322
42                             Chicago. Illinois 60607
43                             T: 312-278-3153
44                             djohnson@wjylegal.com
45                             *Pro Hac Vice Forthcoming*

AMENDED SUMMONS [60 DAYS] - 2                    GORDON | 1001 Fourth Avenue
                                                 TILDEN | Suite 4000
                                                 THOMAS | Seattle, WA 98154-1007
                                                 CORDELL | 206.467.6477

FILED
KITSAP COUNTY CLERK

2018 JAN 25  PM 3:30

ALISON A. SONNTAG

18-2-00231-18

# CASE TYPE 2

Kitsap _____ COUNTY SUPERIOR COURT

## CASE INFORMATION COVER SHEET

**Case Number** _____  **Case Title** Whitney Poole v. Benjamin Moore & Co., Inc.

**Attorney Name** Brendan Winslow-Nason _____ **Bar Membership Number** 39328

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

**APPEAL/REVIEW**
\_\_\_  Administrative Law Review (ALR 2)
\_\_\_  Appeal of a Department of Licensing Revocation (DOL 2)
\_\_\_  Civil, Non-Traffic (LCA 2)
\_\_\_  Civil, Traffic (LCI 2)

**CONTRACT/COMMERCIAL**
\_\_\_  Breach of Contract (COM 2)
_X_  Commercial Contract (COM 2)
\_\_\_  Commercial Non-Contract (COL 2)
\_\_\_  Third Party Collection (COL 2)

**PROTECTION ORDER**
\_\_\_  Civil Harassment (HAR 2)
\_\_\_  Domestic Violence (DVP 2)
\_\_\_  Foreign Protection Order (FPO 2)
\_\_\_  Sexual Assault Protection (SXP 2)
\_\_\_  Stalking (STK 2)
\_\_\_  Vulnerable Adult Protection (VAP 2)

**JUDGMENT**
\_\_\_  Abstract Only (ABJ 2)
\_\_\_  Foreign Judgment (FJU 2)
\_\_\_  Judgment, Another County (ABJ 2)
\_\_\_  Judgment, Another State (FJU 2)
\_\_\_  Tax Warrant (TAX 2)
\_\_\_  Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
\_\_\_  Action to Compel/Confirm Private Binding Arbitration (MSC 2)
\_\_\_  Change of Name (CHN 2)
\_\_\_  Deposit of Surplus Funds (MSC 2)
\_\_\_  Emancipation of Minor (EOM 2)
\_\_\_  Injunction (INJ 2)
\_\_\_  Interpleader (MSC 2)
\_\_\_  Malicious Harassment (MHA 2)
\_\_\_  Minor Settlement (No guardianship) (MST 2)
\_\_\_  Petition for Civil Commitment (Sexual Predator)(PCC 2)
\_\_\_  Property Damage-Gangs (PRG 2)
\_\_\_  Public Records Act (PRA 2)
\_\_\_  Restoration of Firearms Rights (RFR2)

\_\_\_  School District – Required Action Plan (SDR 2)
\_\_\_  Seizure of Property from Commission of Crime (SPC 2)
\_\_\_  Seizure of Property Resulting from a Crime (SPR 2)
\_\_\_  Subpoenas (MSC 2)

**PROPERTY RIGHTS**
\_\_\_  Condemnation (CON 2)
\_\_\_  Foreclosure (FOR 2)
\_\_\_  Land Use Petition (LUP 2)
\_\_\_  Property Fairness (PFA 2)
\_\_\_  Quiet Title (QTI 2)
\_\_\_  Unlawful Detainer (UND 2)

**TORT, MEDICAL MALPRACTICE**
\_\_\_  Hospital (MED 2)
\_\_\_  Medical Doctor (MED 2)
\_\_\_  Other Health Care Professional (MED 2)

**TORT, MOTOR VEHICLE**
\_\_\_  Death (TMV 2)
\_\_\_  Non-Death Injuries (TMV 2)
\_\_\_  Property Damage Only (TMV 2)
\_\_\_  Victims of Motor Vehicle Theft (VVT 2)

**TORT, NON-MOTOR VEHICLE**
\_\_\_  Asbestos (PIN 2)
\_\_\_  Other Malpractice (MAL 2)
\_\_\_  Personal Injury (PIN 2)
\_\_\_  Products Liability (TTO 2)
\_\_\_  Property Damage (PRP 2)
\_\_\_  Wrongful Death (WDE 2)

**WRIT**
\_\_\_  Habeas Corpus (WHC 2)
\_\_\_  Mandamus (WRM 2)
\_\_\_  Restitution (WRR 2)
\_\_\_  Review (WRV 2)
\_\_\_  Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

---

*Please Note: Public information in court files and pleadings may be posted on a public Web site.*

JJ
18-2-00231-18
CICS          1
Case Information Cover Sheet
2473716