THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WHITNEY POOLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MOORE & CO., INC., a New Jersey corporation,<br><br>Defendant. | NO. 3:18-cv-05168 RBL<br><br>DEFENDANT'S MOTION TO DISMISS<br><br>NOTED FOR CONSIDERATION:<br>Friday, March 30, 2018 |

## I. PRELIMINARY STATEMENT

Plaintiff Whitney Poole attempts to use a non-final order in a continuing Federal Trade Commission ("FTC") proceeding to allege damages from statements made by Defendant Benjamin Moore and Co., Inc. ("Benjamin Moore") in labeling and advertising its Natura brand paint. Unsurprisingly, the Complaint fails to state a viable legal claim. The Complaint should be dismissed in its entirety.

Specifically, Plaintiff takes issue with two phrases used on the Natura paint labels about its lack of emissions and the absence of VOCs[1], along with Benjamin Moore's use

---

[1] "VOC" is an acronym for "Volatile Organic Compound."

DEFENDANT'S MOTION TO DISMISS - Page 1 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

of the phrase "Green Promise." Plaintiff alleges – entirely on information and belief – that those statements are false. Taken as true (which they are not) for the purposes of this motion, Plaintiff's allegations do not support any claim for relief. Plaintiff ***does not*** allege that: (1) she saw – or was even generally aware of – the representations concerning the "Green Promise," zero emissions, or zero VOCs before she purchased any cans of Natura paint from one of Benjamin Moore's independent retailers; (2) she relied upon those representations in selecting any cans of Natura paint; or (3) her purchase(s) of any cans of Natura paint were in any way influenced by those representations. Rather, Plaintiff appears to have become aware of these statements (likely advised by her counsel) for the first time only *after* her purchase(s) of Natura paint.

These failures and others are fatal to Plaintiff's claims for breach of express warranty and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMA"). Plaintiff's warranty claim cannot be sustained against Benjamin Moore, a remote manufacturer with which she is not in privity of contract. Plaintiff also cannot establish either the *prima facie* element of reliance on the representations, or that the representations even rise to the level of an actionable express written warranty as defined in both Article 2 of Washington's version of the Uniform Commercial Code, RCW 62A 2:2-201 *et seq.* (the "UCC"), and the MMA. The dismissal of Plaintiff's deficient state law breach of express warranty claim likewise compels the dismissal of her entirely derivative MMA claim (which, even if viable, cannot be asserted on a class-wide basis by a single named plaintiff).

DEFENDANT'S MOTION TO DISMISS - Page 2 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The balance of Plaintiff's claims fare no better.  Plaintiff's quasi-contractual claim for unjust enrichment cannot stand in the face of her contractual claim for breach of warranty.  In addition, Plaintiff's inability to even allege that she saw the various representations at issue – or that they factored into her decision to purchase Natura paint – not only dooms her warranty-based claims, but her claim for violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ("WCPA") as well.  This is because, absent such critical factual allegations, Plaintiff cannot establish that Benjamin Moore's representations proximately caused any of her alleged damages; a *prima facie* element of a private WCPA claim.  Nor does Plaintiff have standing to assert claims based on the similar consumer-oriented statutes of states where she does not live, as those statutes have no relevance to her individual claims (which arise, if at all, only under Washington law).

Thus, Plaintiff's stated claims against Benjamin Moore fail.  Her Complaint should therefore be dismissed in its entirety.

## II. STATEMENT OF FACTS ALLEGED IN THE COMPLAINT

Benjamin Moore is a New Jersey-based company that manufactures paints and other related products, which it largely sells in the United States through a network of independently-owned and authorized retailers.  Compl., ¶¶ 17-19, 22-23.  Among the brand names of paints sold by Benjamin Moore is Natura, an environmentally friendly product.  *Id.*, ¶¶ 20, 26, 31, 48.  On an unknown date, Plaintiff, a resident of Hansville, Washington, purchased one or more cans of Natura paint from a retailer of Benjamin Moore products located in Poulsbo, Washington.  Natura paint retails for approximately $57 per gallon.  *Id.*, ¶¶ 15, 48, 63.

DEFENDANT'S MOTION TO DISMISS  - Page 3 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The labels on cans of Natura paint contain the phrase "green promise ZERO VOC," as well as the statements that the paint contains "Zero emissions" and "Zero VOCs." *Id.*, ¶¶ 4, 40-43, 71.[2]  Similarly, Benjamin Moore has included statements in certain of its advertising and marketing materials for Natura paint and on its website that the product is "emission free" and contains "zero VOCs." *Id.*, ¶¶ 1, 32-39.  Nowhere in her Complaint does Plaintiff allege that she saw any of these representations either (1) in a Benjamin Moore brochure; (2) in print or television advertisements for Natura paint; (3) on the Benjamin Moore website; or (4) on a can of Natura paint before choosing to purchase Natura paint.  Likewise, the Complaint contains no allegations that any of these representations had anything to with Plaintiff's decision to purchase Natura paint.

Plaintiff claims that the above representations are not true.  She alleges, upon information and belief, that Natura paint does, in fact, contain emissions at the time of its application and does, in fact, contain VOCs.  *Id.*, ¶¶ 5, 50-52, 67-68.  The sole basis for Plaintiff's assertions is a July 2017 draft administrative complaint prepared by the FTC, and a proposed and non-final agreement containing a consent order between Benjamin Moore and the FTC (both apparently obtained by her counsel before being retained by Plaintiff), pursuant to which Benjamin Moore stated that it would agree to make certain changes to its advertising and labeling of Natura paints to resolve the issues raised in the FTC's draft complaint.  *Id.*, ¶¶ 10, 55-61, Exs. A, B.  Plaintiff does not mention that: (1) the terms of the consent agreement have not been finalized; (2) any changes undertaken by Benjamin Moore were made on a wholly voluntary and interim basis pending the

---

[2] Plaintiff alleges that long-term exposure to VOCs can cause health problems, including cancer and damage to the liver, kidneys, and central nervous system.  Compl., ¶ 29.  The Complaint contains no allegations that Plaintiff – or anyone else – was actually sickened or otherwise physically injured by Natura paint.

DEFENDANT'S MOTION TO DISMISS - Page 4 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

completion of the FTC process; and (3) the FTC is still evaluating the substantiation for Benjamin Moore's emission-free and VOC-free representations based on, among other things, the various submissions it received when the proposed consent agreement was placed on the public record for comment.[3]  *See Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (distinguishing between "final" and "non-final" agency action, and holding that such actions are not final until they are "definitive" and have a "direct and immediate effect on the day-to-day business of the party challenging the agency action") (internal quotations and citations omitted).

The Complaint asserts five claims:  (1) breach of express warranty; (2) violation of the MMA; (3) violation of the "state consumer protection acts" of 12 states in addition to Washington (detailed below); (4) violation of the WCPA; and (5) unjust enrichment. *Id.*, ¶¶ 111-67.  Plaintiff seeks to certify a class of all individuals and entities within the United States who purchased Natura paint "from the beginning of any applicable limitations period through the date of class certification," on whose behalf she would pursue the breach of express warranty and MMA claims. *Id.*, ¶ 82(a). In addition, Plaintiff seeks to certify a class of all individuals and entities in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Rhode Island, Washington, and Wisconsin who purchased Natura Paint "from the

---

[3] In ruling on a 12(b)(6) motion, a court may consider documents attached to or fairly incorporated into a complaint, or which are subject to judicial notice because they are part of the public register.  *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1351 (W.D. Wash. 2014).  Various submissions placed on the public record pursuant to the FTC's request for comments with respect to the draft consent agreement propose changes to its terms which would eliminate several of the primary allegations upon which Plaintiff relies, and would permit Benjamin Moore to resume using some of the zero emissions and zero VOC statements it used at the time of Plaintiff's purchase of Natura paint.

DEFENDANT'S MOTION TO DISMISS  - Page 5 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

beginning of any applicable limitations period through the date of class certification," on whose behalf she would assert the WCPA and "violation of state consumer protection acts" claims. *Id.*, ¶ 82(b).  Lastly, Plaintiff seeks to certify a Washington Sub-Class, defined as those "individuals and entities in the State of Washington who purchased Natura Paint from the beginning of any applicable limitations period through the date of class certification," on whose behalf she would bring claims for breach of express warranty, violation of the MMA, and violation of the WCPA. *Id.*, ¶ 82(c).

### III. LEGAL ARGUMENT

A court must dismiss an action where a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), "the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *Smokiam RV Resort LLC v. William Jordan Capital, Inc.*, 2017 U.S. Dist. LEXIS 212056, at *5 (W.D. Wash. Dec. 27, 2017) (citing *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

To survive a motion to dismiss, "a plaintiff must cite facts supporting a 'plausible' cause of action, consistent with Federal Rule of Civil Procedure 8(a)(2)." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  A claim has "facial plausibility" "when the party seeking relief 'pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)).  The complaint must contain "more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'  Neither a 'formulaic recitation of the elements of a cause of action' nor 'naked assertion[s] devoid of further factual enhancement' will suffice." *Maple v. Costco Wholesale Corp.*, 2013 WL

DEFENDANT'S MOTION TO DISMISS - Page 6 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5885389, at *5 (E.D. Wash. Nov. 1, 2013) (quoting *Iqbal*, 556 U.S. at 678), *aff'd in part, vacated in part*, 649 Fed. Appx. 570 (9th Cir. 2016).

Courts within the Ninth Circuit "have consistently emphasized . . . that 'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (quoting *Shmier v. United States. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 820 (9th Cir. 2002)). Thus, '[w]hen a complaint fails to adequately state a claim such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Lieberfarb v. MOD Sys.*, 2009 U.S. Dist. LEXIS 35124, at *4-5 (W.D. Wash. Apr. 2, 2009) (quoting *Twombly*, 550 U.S. at 558).

Plaintiff's claims fail to satisfy the *Iqbal* and *Twombly* pleading standards and, as a result, Plaintiff's Complaint should be dismissed in its entirety.

### A. PLAINTIFF'S WARRANTY-BASED CLAIMS SHOULD BE DISMISSED

#### 1. The Breach of Express Warranty and MMA Claims Should Be Dismissed Because the Parties Were Not in Privity With One Another.

Contractual privity between buyer and seller traditionally has been required before a plaintiff may maintain an action under Washington's version of the UCC. *Baughn v. Honda Motor Co.*, 107 Wash. 2d 127, 151 (1986); *see also Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wash. 2d 204, 209 (2003) ("lack of privity has historically been a defense to claims of breach of warranty"). At common law, contractual privity does not exist between the original seller and a subsequent purchaser who was not a party to the original sale. *Stannik v. Bellingham-Whatcom Cnty. Dist. Bd. of Health*, 48 Wash. App. 160, 165 (1987).

Washington courts have relaxed the privity requirement and permitted the purchaser of a consumer product to pursue an express warranty claim against a remote

DEFENDANT'S MOTION TO DISMISS - Page 7 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

manufacturer in the absence of privity only where the manufacturer makes an express representation in its advertising (or in some other form), and the plaintiff is knowledgeable of that representation at the time of purchase. *See, e.g,*, *Thongchoom v. Graco Children's Prods., Inc.*, 117 Wash. App. 299, 307 (2003).  Plaintiff here may not take advantage of this relaxed standard, and will have her claims barred by lack of privity, because she cannot "come forth with some evidence that she was aware of the representative's warranty prior to her using the product." *Kerzman v. NCH Corp.*, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007); *see also Solorio v. Louisville Ladder, Inc.*, 2008 WL 11336763, at *4 (E.D. Wash. Mar. 7, 2008) (granting summary judgment and dismissing express warranty claim of plaintiff who fell from stepladder against manufacturer of ladder, where plaintiff failed to demonstrate that "any express affirmation or description on the [ladder's] label was part of the basis of the bargain").

*Baughn* is instructive.  In that case, plaintiffs' children were injured while riding a mini-trail bike on a public roadway, after they drove through three stop signs without stopping and collided with a truck.  Although plaintiffs purchased the bike from a dealer, they brought suit against Honda, the manufacturer of the bike, for (among other claims) breach of express warranty.  The trial court dismissed the express warranty claim on summary judgment due to the lack of privity, and on a direct appeal, the Washington Supreme Court affirmed.

In doing so, the court recognized the relaxation of the privity requirement in those cases where a manufacturer makes express representations in advertising to a plaintiff about its product.  *Baughn*, 107 Wash. 2d at 151-52.  The court distinguished those cases, however, holding that a plaintiff "must at least be aware of such [manufacturer] representations to recover for their breach." *Id.* at 152.  Because plaintiffs had not seen any statements made by Honda that rose to the level of "affirmations of fact about the goods," the court applied the traditional rules of privity and affirmed the dismissal of the

DEFENDANT'S MOTION TO DISMISS  - Page 8 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

express warranty claim. *Id*.

Like plaintiffs in *Baughn*, Plaintiff admits that she purchased Natura paint not from Benjamin Moore itself, but rather, from an independent retail store that sold Benjamin Moore products. Compl., ¶ 63. Only that retailer stands in privity with Benjamin Moore. The Complaint contains no allegations that Plaintiff saw any specific representation from Benjamin Moore about any aspect of Natura paint. *See* Statement of Facts, *supra*. Under these circumstances, the traditional rules of contractual privity should apply (as they did in *Baughn*), and Plaintiff's claims for breach of express warranty and violation of the MMA should be dismissed on that basis.

2. **The Breach of Express Warranty and MMA Claims Should Be Dismissed Because No Representation by Benjamin Moore Formed the Basis of Plaintiff's Bargain.**

Plaintiff's express warranty and MMA claims are also facially defective because she fails to allege either of the elements required for such a claim: namely, that she relied upon any warranty or allegedly false or misleading statement at the point of sale, and that any such warranty or statement was the "basis of the bargain." To state a claim for breach of express warranty, Plaintiff must allege that Benjamin Moore made an affirmation of fact, or a description of the product that Plaintiff purchased, that formed part of the basis of the parties' bargain. RCW 62A:2-313(1)(a), (b); *Lovold v. Fitness Quest, Inc.*, 2012 WL 529411, at *5 (W.D. Wash. Feb. 16, 2012). Moreover, Plaintiff must have relied on such representations at the point of sale in purchasing Natura paint. *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1226 (W.D. Wash. 2012); *Reece v. Good Samaritan Hosp.*, 90 Wash. App. 574, 585 (1998).

Plaintiff's only allegations relating to her express warranty claim are that there were statements made in the advertising materials for Natura paint, on Benjamin

DEFENDANT'S MOTION TO DISMISS - Page 9 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Moore's website, and on the label of the paint cans, that the product is "emission-free" and contains "zero VOCs." Compl., ¶ 114. Plaintiff, however, does not allege anywhere in her Complaint that she actually saw and relied upon any of the specific challenged statements at the point of sale of the paint. Nor does Plaintiff allege anywhere in the Complaint that any of those specific statements influenced her specific decision to purchase Natura paint.

Rather, Plaintiff relies entirely on the speculative and imagined potential reactions and responses of *other consumers* in seeing these statements in connection with *their* purchases of Natura paint. *See, e.g., id.*, ¶¶ 71-73 (referencing statements made to "every purchaser" and "a reasonable consumer"). Accordingly, Plaintiff's express warranty and MMA claims should be dismissed on that basis alone. *See Afoa v. China Airlines, Ltd.,* 2013 WL 3354388, at *3 (W.D. Wash. July 3, 2013) (granting motion to dismiss claim for breach of express warranty where, *inter alia*, complaint failed to "describe how Plaintiff knew of such representation or relied thereon"); *Lovold,* 2012 WL 529411, at *5 (claim for breach of express warranty failed "as a matter of law" where plaintiff failed to allege, *inter alia*, whether warranties were a basis for the parties' bargain).

### 3. The MMA Claim Is Not Viable and Should Be Dismissed for Additional Reasons.

#### a. The Dismissal of the Underlying Express Warranty Claim Compels the Dismissal of the MMA Claim.

The MMA does not create any federal law of warranty. Rather, "claims under the Magnuson–Moss Act stand or fall with [the Plaintiff's] express . . . warranty claims under state law. Therefore, th[e] court's disposition of the state law warranty claims determines

DEFENDANT'S MOTION TO DISMISS - Page 10 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

the disposition of the Magnuson–Moss Act claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *see also* 15 U.S.C §§ 2310(d)(1), (e).  Thus, a plaintiff who cannot state an underlying breach of warranty claim also cannot state an MMA claim.  *See Coe v. Philips Oral Healthcare, Inc.,* 2014 WL 722501, at *9 (W.D. Wash. Feb. 24, 2014) (dismissing MMA claim as "not viable" where underlying claim for breach of express warranty did not state a claim for relief); *Moodie v. Remington Arms Co.*, 2013 WL 12191352, at *10 (W.D. Wash. Aug. 2, 2013) (dismissal of express warranty claim as time-barred required dismissal of derivative MMA claim on same grounds).  Because, as discussed above, Plaintiff has not adequately pleaded a claim for breach of express warranty, her MMA claim, which is entirely derivative of that claim, should likewise be dismissed.

### b. Plaintiff Cannot Assert the MMA Claim Because There Are Fewer Than 100 Named Plaintiffs.

By its own terms, the MMA prohibits class actions in federal court where there are fewer than 100 named plaintiffs.  15 U.S.C. § 2310(d)(3)(c) ("No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection [governing private damages actions brought in U.S. district courts] . . . if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.").  Numerous federal courts have enforced this provision and either dismissed non-complying MMA claims outright, or have refused to accord class treatment to them.  *See, e.g.*, *Khasin v. Hershey Co.*, 2012 WL 5471153, at *8 (N.D. Cal. Nov. 9, 2012) (dismissing MMA claim); *Chin v. DaimlerChrysler Corp.*, 2005 WL 5121812, at *2 (D.N.J. Dec. 5, 2005) (refusing to accord class treatment to MMA claim); *O'Keefe v. Mercedes-Benz USA, LLC*, 2002 WL 377122, at *4 (E.D. Pa. Jan. 31, 2002) (dismissing MMA claim); *In re Cordis Corp. Prod.*

DEFENDANT'S MOTION TO DISMISS  - Page 11 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

*Liab. Litig.*, 1992 WL 754061, at *5 (S.D. Ohio Dec. 23, 1992) (refusing to accord class treatment to MMA claim).

The Complaint's MMA claim purports to be brought on behalf of a nationwide class of purchasers of Natura paint. Compl.,¶ 82(a). However, there is only one named plaintiff – Ms. Poole. Plaintiff's MMA claim should therefore be dismissed on this additional ground. In the alternative, the Court should hold that the MMA claim cannot be asserted on a class-wide basis.

### B. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiff's unjust enrichment claim likewise cannot be sustained, given her allegations that Benjamin Moore's so-called "Green Promise" constitutes an express warranty under Washington law. Even accepting Plaintiff's allegations as true – which the Court must do, for purposes of a motion to dismiss – Plaintiff's unjust enrichment claim is barred by her claim for breach of express warranty, as it is premised on the same alleged warranty that forms the basis for her contractual claim. *Zwicker v. General Motors Corp.*, 2007 WL 5309204, at *5-6 (W.D. Wash. July 26, 2007) ("Here, the warranty covered the subject matter of the unjust enrichment claim[.]  Plaintiff's contractually based remedies are thus limited to those actually available via the express warranty contract.").

### C. PLAINTIFF'S CLAIM FOR VIOLATION OF THE WCPA SHOULD BE DISMISSED

The WCPA makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . unlawful." RCW 19.86.020. To state a claim under the WCPA, a plaintiff must allege five elements:  (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact;

DEFENDANT'S MOTION TO DISMISS  - Page 12 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

(4) injury to plaintiff's business or property; and (5) causation. *Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. 2015) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986)). Plaintiff has failed to adequately allege causation and, as a result, her WCPA claim is subject to dismissal.

To show causation, Plaintiff must establish that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wash. 2013), *aff'd on other grounds*, 702 Fed. Appx. 595 (9th Cir. 2017) (quoting *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,* 162 Wash. 2d 59, 84 (2007)); *see also Tashiro-Townley v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 85642, at *8-9 ("The causation element [of a WCPA claim] must be satisfied by proximate causation, 'a cause in which direct sequence [unbroken by any new independent cause] produces the injury complained of and without which such injury would not have happened.'") (quoting *Indoor Billboard/Wash., Inc.*, 162 Wash. 2d at 81-82).

Plaintiff's allegations with respect to her purchase of Natura paint fall far short of satisfying the WCPA's "but-for" proximate causation pleading standard. She alleges that she purchased one or more cans of Natura paint, Compl., ¶ 63, and that: (a) the Natura paint can labels contain the phrase "green promise ZERO VOC," along with statements that the paint contains "Zero emissions" and "Zero VOCs"; and (b) Benjamin Moore has advertised, on its website and elsewhere, that Natura paint is "emission free" and contains "zero VOCs." *Id.*, ¶¶ 1, 4, 23-43. Yet although Plaintiff alleges in a conclusory fashion that "[e]very consumer was exposed to these misrepresentations because they were printed on the label of each can of Natura Paint," *id.*, ¶ 158, the Complaint is

DEFENDANT'S MOTION TO DISMISS - Page 13 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

entirely devoid of allegations to suggest that Plaintiff herself (a) was aware of these representations either before or at the time of her purchase of Natura paint; (b) relied upon those representations in choosing to purchase Natura paint instead of a comparable brand; or (c) would not have purchased the product absent those representations.[4]

The absence of such allegations is fatal to Plaintiff's WCPA claim. Indeed, the *Maple* court, in assessing near-identical factual circumstances, dismissed plaintiff's WCPA claim – in both his first and second amended complaints – for failure to adequately allege causation. In that putative class action, plaintiff alleged in his first amended complaint that defendant Costco had violated the WCPA in connection with its sale of several bottled beverages because, among other reasons, the beverage labels falsely claimed that the products were "natural tonic[s]" containing "natural caffeine." *Maple v. Costco Wholesale Corp.*, 2013 WL 11842009, at *1 (E.D. Wash. Aug 1, 2013).

Although plaintiff's complaint "contain[ed] detailed allegations about what was, and was not, on the label" of the beverage he had purchased, he did not "state that he actually read the label, or that his purchasing decision was driven by the alleged deceptive statements on the label." *Id.* at *5. The court rejected plaintiff's conclusory assertion that he and the proposed class members "would . . . not have purchased [the beverages] if the correct disclosures had been made," finding that the allegation "ma[de]

---

[4] These bare-bones allegations do not satisfy the *Iqbal* and *Twombly* pleading standards, let alone the heightened standard set forth under Fed. R. Civ. P. 9(b) for claims sounding in fraud. Rule 9(b) applies where a claim is based on a "unified course of fraudulent conduct, even if the word 'fraud' is not used." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003); *see also Fiduciary Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (applying Rule 9(b) pleading standard to WCPA claim); *Water & Sanitation Health, Inc. v. Rainforest All, Inc.*, 2015 U.S. Dist. LEXIS 182334, at *6-8 (W.D. Wash. Dec. 29, 2015) (same).

DEFENDANT'S MOTION TO DISMISS  - Page 14 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

little sense in light of Plaintiff's failure to allege that he even read the allegedly deceptive labels prior to purchasing the drink." *Id.*

The *Maple* plaintiff's second amended complaint suffered from the same pleading defects. In ruling on Costco's second motion to dismiss, the court again disposed of plaintiff's WCPA claim, holding that:

> The alleged deceptive statements that the drink contained "natural caffeine" and was comprised of a "natural tonic" of ingredients could not have caused Plaintiff's economic damages of having purchased a drink he would not otherwise have purchased, because Plaintiff has failed to plead that he ever even read the alleged statements or that he based his purchasing decision on those statements.

*Maple*, 2013 WL 5885389, at *6; *see also Maple v. Costco Wholesale Corp.*, 649 Fed. Appx. 570, 572-73 (9th Cir. 2016) (affirming dismissal of WCPA claim, without leave to amend, for lack of causation and remanding with instructions to re-enter judgment as "with prejudice").

Plaintiff has likewise failed to plead anything more than generalized allegations with respect to the WCPA's causation element. Her claim should thus be dismissed by the Court. *See Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1118 (W.D. Wash. 2013) ("Because plaintiff does not allege he paid his cell phone service provider any additional money *because of* defendants' text message, the allegation does not plausibly establish causation under the CPA.") (emphasis in original); *Stafford v. Sunset Mortg., Inc.*, 2013 WL 1855743, at *3 (W.D. Wash. Apr. 29, 2013) (plaintiff's "CPA claim fails because she does not allege specific facts regarding causation or injury. As to causation, she does not allege, for example, having read the April letter, her reliance on the representations in it, or that she took any step based on the letter."); *Minnick v. Clearwire US LLC*, 683 F. Supp.

DEFENDANT'S MOTION TO DISMISS - Page 15 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

2d 1179, 1188 (W.D. Wash. 2010) (dismissing WCPA claim where plaintiff's complaint did "not allege that any named Plaintiff actually visited the website" containing allegedly false advertising).

### D. PLAINTIFF'S THIRD CLAIM FOR "VIOLATION OF STATE CONSUMER PROTECTION ACTS" SHOULD BE DISMISSED

In Count III of the Complaint, Plaintiff asserts a claim for "violation of state consumer protection acts." Although the claim itself does not reference any specific statutes of any particular states, the Complaint's earlier class certification allegations make clear that the relevant state statutes are those of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, Rhode Island, and Wisconsin. Compl.,¶ 82(b), n.1.

As an initial matter, unless and until a class is certified, the case proceeds only as an individual suit on behalf of the named plaintiff. *See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) ("until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs.") (internal quotation and citation omitted). For that reason, federal courts have repeatedly rejected efforts, such as that here, to initially assert statutory consumer fraud claims from states with which the named plaintiff has no connection. *See, e.g., In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, 2009 WL 2940081, at *14 (D.N.J. Sept. 11, 2009) (dismissing omnibus claim for violation for multiple states' consumer fraud statutes; "The court agrees that this sort of 'catch-all' listing of statutes does not meet the most basic pleading requirements."); *Berry v. Budget Rent-A-Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) (dismissing omnibus claim for violation of "substantially similar state consumer fraud laws"; "Because a nationwide

DEFENDANT'S MOTION TO DISMISS - Page 16 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

class has not been certified, and no named Plaintiffs in this action rented vehicles in any of these other states, the Court should not pass upon the question of whether these states' statutes would be violated by the facts alleged in the Complaint."). Count III of the Complaint should be dismissed on that basis alone.

In addition, several federal and state courts construing the statutes identified in the Complaint have made clear that out-of-state litigants, such as Plaintiff, do not have standing to assert private damages claims under the statutes. *See, e.g.*, *In re St. Jude Med., Inc.* (*Grovatt v. St. Jude Med., Inc.*), 425 F.3d 1116, 1120-21 (8th Cir. 2005) (remanding case to district court to conduct proper choice of law analysis as to whether Minnesota consumer protection statute could be asserted by non-Minnesota residents included in putative class action); *Pettit v. Celebrity Cruises, Inc.*, 153 F. Supp. 2d 240, 265-66 (S.D.N.Y. 2001) (dismissing putative class claim for violation of New York consumer protection statute where "neither named plaintiff is a resident or domiciliary of New York, and plaintiffs do not allege that they either read the allegedly false promotional material in New York or purchased their cruise tickets in the state."); *Churchill Village, L.L.C. v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) ("section 17200 does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California"); *Pacamor Bearings, Inc. v. Minebia Co.*, 918 F. Supp. 491, 504 (D.N.H. 1996) (New Hampshire consumer protection statute only applies to "offending conduct" that took place in the state); *Swartz v. Schaub*, 818 F. Supp. 1214, 1214 (N.D. Ill. 1993) ("the Act is intended to deal only with the impact of the statutorily prohibited practices on Illinois consumers"); *Coastal Physician Servs. of Broward Cnty., Inc., v. Ortiz*, 764 So.2d 7, 8 (Fla. Ct. App. 1999) ("We conclude that" the

DEFENDANT'S MOTION TO DISMISS - Page 17 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

Florida statute is "for the protection of in-state consumers . . . Other states can protect their own residents as Florida itself does. . . .").[5]

For these reasons, Count III of the Complaint should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Benjamin Moore respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).

DATED this 12th day of March, 2018.

Respectfully submitted,

GORDON THOMAS HONEYWELL LLP

By /s/ Diane J. Kero
Diane J. Kero, WSBA No. 11874
dkero@gth-law.com
Michael E. Ricketts, WSBA 9387
mricketts@gth-law.com
GORDON THOMAS HONEYWELL LLP
600 University Street, Suite 2100
Seattle, WA  98104-4185
Telephone:  (206) 676-7500
Facsimile:  (206) 676-7575

and

Eric S. Aronson, Pro Hac Vice *Pending*
AronsonE@gtlaw.com
David Jay, Pro Hac Vice *Pending*
JayD@gtlaw.com
Todd L. Schleifstein, Pro Hac Vice
SchleifsteinT@gtlaw.com
Paige Nestel, Pro Hac Vice
NestelP@gtlaw.com

---

[5] Benjamin Moore reserves the right to move pursuant to 28 U.S.C. § 1404(a) to transfer venue to the District of New Jersey, which is where (a) it is headquartered; (b) all of the relevant documents and witnesses are located; and (c) the decisions regarding the marketing of Natura paint were made.  Benjamin Moore has been named in a similar action filed in California, and has received demand letters similar in form and substance to the Plaintiff's here on behalf of other customers located in California and New York.  Given this Plaintiff's invocation of 12 other states, and the other pending action and demand, New Jersey would be a more convenient forum for a multi-state dispute.

DEFENDANT'S MOTION TO DISMISS  - Page 18 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

GREENBERG TRAURIG LLP
500 Campus Drive, Suite 400
Florham Park, NJ  07932
Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410

Attorneys for Defendant Benjamin Moore & Co., Inc.

DEFENDANT'S MOTION TO DISMISS  - Page 19 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Counsel for Plaintiffs</u>:

Jeffrey M. Thomas, WSBA No. 21175
Mark Wilner, WSBA No. 31550
Brendan Winslow-Nason, WSBA No. 39328
GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone: (206) 467-6477
jthomas@gordontilden.com
mwilner@gordontilden.com
bwinslow-nason@gordontilden.com

Gary M. Klinger, Pro Hac Vice
KOZONIS LAW, LTD.
4849 N. Milwaukee Avenue, Suite 300
Chicago, ILL 60630
Phone: (312) 283-3814
gklinger@kozonislaw.com

Daniel R. Johnson, Pro Hac Vice
WASKOWSKI JOHNSON YOHALEM LLP
954 W. Washington Blvd., Suite 322
Chicago, ILL 60607
Phone: (312) 278-3153
djohnson@wjylegal.com

/s/ Karen L. Calkins
Karen L. Calkins, Legal Assistant
GORDON THOMAS HONEYWELL LLP

DEFENDANT'S MOTION TO DISMISS - Page 20 of 20
(3:18-cv-05168 RBL)
[4814-7799-3823]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575