HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WHITNEY POOLE, *et al.*,

    Plaintiffs,

    v.

BENJAMIN MOORE & CO., INC,

    Defendant.

CASE NO. C18-5168 RBL

ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Benjamin Moore's Motion to Dismiss [Dkt. # 19]. Plaintiff Poole claims Benjamin Moore misrepresented the environmentally friendly or "green" features of its "Natura" paint, promising (in advertising and on the can itself) that it was "emission free" and contained "Zero V.O.C.s." The FTC investigated and in a 2017 draft complaint concluded that those claims were not true. Benjamin Moore has since voluntarily (but perhaps temporarily, depending on the final outcome of the FTC investigation) changed its advertising.

Poole paid a premium for Natura over other Benjamin Moore paints. She asserts on her own behalf and as the representative of a putative class claims for breach of express warranty, violations of the Magnuson Moss Warranty Act, violations of multiple states' Consumer

Protection Acts, and unjust enrichment. She seeks damages resulting from the misrepresentations.

Benjamin Moore moves to dismiss. It argues that Poole has not alleged that she saw or was aware of its "green promise" before she purchased, or that she relied on any representations in purchasing; it speculates that her attorneys told her about the statements after she purchased. It claims that these failures are "fatal" to her Washington (UCC) and Magnuson Moss warranty claims. It also argues these claims fail as a matter of law because Poole cannot establish privity of contract with Benjamin Moore; she (like any consumer) purchased through an independent dealer. And it claims her "inability" to allege she even saw the representations at issue, or that they influenced her purchase decision, is fatal to her CPA claims. Finally, Benjamin Moore argues that because Poole has pled (defectively, it claims) a breach of contract claim, she cannot maintain a quasi-contractual unjust enrichment claim.

**A. Fed. R. Civ. P. 12(b)(6) Standard.**

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

In short, a defective claim that cannot be fixed should be dismissed with prejudice and without leave to amend. But if the claim could be made plausible by alleging additional facts, the pleader should be permitted to amend her complaint in lieu of dismissal. Dismissal without prejudice (the outcome Benjamin Moore seeks here) is rarely warranted.

**B. Breach of Warranty Claims.**

Benjamin Moore argues that Poole has not alleged that she was in contractual privity with Benjamin Moore—like all consumers she purchased from an independent dealer, not from Benjamin Moore—and without privity, she cannot plausibly assert a UCC or MMA warranty claim. It is of course true that a lack of privity has historically been a defense to breach of warranty claims. *See Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wash. 2d 204, 209 (2003). But as Benjamin Moore acknowledges, this requirement is "relaxed" where the manufacturer makes express representations and the purchaser is aware of them at the time of purchase.

Poole's complaint is replete with examples of Benjamin Moore's express representations about Natura's environmentally-friendly properties, including the "Green Promise" made right on the label. She argues persuasively that there is no "knowledge [or awareness] requirement for breach of a clearly labeled express warranty." *See Baughn v. Honda Motor Co.*, 107 Wash. 2d 127, 151 (1986); *In re Myford Touch Consumer Litig.*, 2015 WL 5118308 (N.D. Cal., August 31, 2015).

Poole also argues that even if she was required to allege she was aware of the warranty, she has adequately done so: she pled that she was "deceived by" the statements made in the Green Promise, and it necessarily follows that the statements could not deceive her if she was not aware of them. In any event, though she does not need to, Poole clearly *could* amend her complaint to remedy the "defect" upon which Benjamin Moore relies. The claimed defect, then, would lead to not dismissal, but to amendment. This is an evidentiary challenge, not a pleading one. The motion to dismiss Poole's warranty claims for lack of awareness of the warranty is DENIED.

Benjamin Moore similarly claims that Poole has not plausibly pled that its Green Promise was a "basis of the bargain." The gist of this claim is that despite its advertising, website and label representations, Poole does not (and cannot) allege that she *relied* on its statements in deciding to purchase its Natura paint.

Poole argues persuasively that the UCC contains no such requirement; some reliance is presumed:

> [U]pon proof of the affirmation of fact or promise and the buyer's purchase of the goods, it is then ***presumed*** that the buyer purchased the goods at least partially as a result of the affirmation or promise, ***leaving it to the seller to show that this was not the case***.

*See* 18 Williston on Contracts § 52:49 (4th ed.) (emphasis added) (*citing* Comment 6 of the UCC). *See also* RCW 62A.2-313 and Comments 3 and 6 thereto. Benjamin Moore's ability to demonstrate that "this was not the case" is a question of fact necessarily left to a different motion, or to trial.

Finally, Benjamin Moore asks the Court to Dismiss Poole's Magnuson Moss Warranty Act claim, arguing that it depends on the viability of her state law UCC warranty claims. It also argues that the MMWA claim fails as a matter of law because there are fewer than 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(c).

The former claim fails because Poole's state law warranty claims are not subject to dismissal. Poole argues that the latter, *jurisdictional* argument fails because Benjamin Moore already removed the case by demonstrating that the Court had original jurisdiction under the Class Action Fairness Act. This position is correct. Where the case is properly here under CAFA, the lack of 100 named plaintiffs is not a basis for dismissal.

Benjamin Moore's Motion to Dismiss Poole's UCC and MMWA breach of warranty claims is **DENIED**.

**C. CPA Claims.**

Benjamin Moore seeks dismissal of Poole's Washington and "multi-state" CPA claims. It argues that the absence of allegations that Poole was aware of the misrepresentations, that she relied on them, or that she would not have purchased in their absence is "fatal" to her CPA claims.

To prevail in a private CPA action in Washington, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Indoor Billboard/Washington, Inc. v.*

*Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 73, 170 P.3d 10 (2007). *See also Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Benjamin Moore's motion is based only on the fifth element, causation.

Benjamin Moore's "lack of causation" argument is the functional equivalent of its "lack of reliance" argument, discussed above. It claims Poole cannot plausibly plead that its allegedly deceptive advertising and labelling actually caused her any damage—because, it claims, she cannot allege she relied on its false promise in deciding to purchase[1]. It relies on *Maple v Costco Wholesale Corp.*, 2013 WL 1182009 (E.D. Wash. August 1, 2013), where the Court dismissed a similar CPA claim because although the soda's "natural tonic" label was deceptive, the plaintiff could not (in three attempts[2]) allege that he read it or that it factored into his purchase decision.

As an initial matter, Poole does argue (though she has not specifically pled) that she "viewed and relied on" the "misrepresentations placed prominently on every can and in Benjamin Moore's advertisements." [Dkt. # 25 at 16, n. 73]. Benjamin Moore's claim that Poole's complaint "contains no facts from which the Court could even strain to deduce" that she "was aware of, saw, or relied on Benjamin Moore's representations" [Dkt. # 26 at 10] overstates the case. The representations were not in the fine print or the ingredients portion of the label, nor

---

[1] As Poole points out, Benjamin Moore's argument is not that she can't allege the deception caused economic injury—CPA element No. 5—but that she hasn't pled it caused her *purchase*. There is a distinction. Indeed, Benjamin Moore acknowledges that reliance is *one way* a plaintiff can prove causation. *See Blough v Shea Homes, Inc.*, 2013 WL 627 6450 (W.D. Wash. Dec. 4, 2103), *citing Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn.2d 260, 277, 259 P.3d 129 (2011).

[2] Plaintiff Maple's first amended complaint was dismissed, with leave to amend (consistent with this Court's reading of Rule 12(b)(6)), and his second amended complaint was dismissed because he still did not plead that he even read the label. The Court declined to permit a fourth bite at the apple. *See Maple v Costco Wholesale Corp.*, 2013 WL 5885389 at *7 (E.D. Wash. November 1, 2013).

were they boastful slogans like "less filling," "new and improved," or even "organic." They were instead prominently displayed, factual statements that for purposes of this motion were false:



[Dkt. # 8 at 9]. One need not strain to deduce that a purchaser of this product at least saw the words on the label[3].

Poole also argues she plausibly (indeed, indisputably) alleged she paid a premium for the Natura paint, and that this additional cost alone is enough to establish causation: paying more for paint with the Green Promise, when that promise is untrue, is enough by itself to establish that she was harmed by Benjamin Moore's deceptive or unfair conduct. She also argues that she can plausibly allege that a reasonable consumer would be damaged by the misrepresentation. Benjamin Moore disputes both of these theories, arguing that they are either disfavored or that

---

[3] Benjamin Moore manufactures several lines of quality paint, most of them less expensive than Natura. Common sense suggests that *something* motivated Poole to purchase the more expensive paint. If it was not the Green Promise, what was it?

they apply only in the context of class certification, not at the pleading stage[4]. There may be some merit to this argument, though the issue seems to relate to proof, not to pleading:

> The trier of fact must look at all the facts related to causation; other factors, such as payment for an allegedly deceptive service, may or may not be sufficient to establish causation independent from reliance.

*Blough v. Shea Homes, Inc.,* No. 2:12-CV-01493-RSM, 2013 WL 6276450, at *8 (W.D. Wash. Dec. 4, 2013), *citing Indoor Billboard/Washington, Inc., v Integra Telecom of Wash., Inc.,* 162 Wash.2d at 83, 170 P.3d 10 (2007).

The Court need not resolve this issue in the context of this dispute and on plausibility of Poole's allegations. In addition to the "awareness" demonstrated above, Poole argues correctly that Washington Courts have rejected the idea that individual reliance is necessarily an element of a Washington CPA claim. *Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn.2d 260, 277, 259 P.3d 129 (2011); *Indoor Billboard, supra;* and *Blough, supra*.

Poole has plausibly plead causation for purposes of her Washington CPA claim, and Benjamin Moore's Motion to dismiss that claim is DENIED.

Its related motion to dismiss the multiple states CPA claims for lack of standing; Poole is not a member of the out of state class she seeks to represent. Poole argues that this is an issue for class certification. While it is true that that there is no "per se rule" that certification must be considered before standing, there is no profit in dismissing this claim at this stage. Benjamin Moore's Motion to Dismiss Poole's multi-state CPA claims is DENIED.

---

[4] Benjamin Moore also points to a case holding that because the consumer plaintiff could not show that the defendant's deceptive text messages caused him to pay additional cell phone fees, he could not show that the unfair practice caused any harm. *See Gragg v. Orange Cab Co.*, 942 F.Supp.2d 1111 (W.D. Wash. 2013). Since Poole *did* "pay more," *Gragg* actually supports her CPA claim.

**D. Unjust Enrichment Claim.**

Finally, Benjamin Moore seeks dismissal of Poole's "alternative" unjust enrichment (quasi contract) claim, arguing that such a claim is not viable where the plaintiff has asserted a breach of express contract claim. It argues that where there is a "valid enforceable contract governing the parties' dispute, there can be no claim for unjust enrichment and actions within the scope of the agreement cannot be the basis for an unjust enrichment claim." *Citing Bardy v Cardiac Sci. Corp.,* 2013 WL 558313 at *7-8 (W.D. Wash. Oct 10, 2013) (dismissing unjust enrichment claim on motion to dismiss). It is generally true that if there was a contract, there cannot be an unjust enrichment claim.

But Benjamin Moore does not concede there *is* a "valid enforceable contract" or that it "governs the parties' dispute." Indeed, it claims the opposite: there is no privity of contract and Poole cannot enforce any "Green Promise" or express warranty against it.

Benjamin Moore's Motion to Dismiss Poole's alternative unjust enrichment claim is DENIED without prejudice.

***

Benjamin Moore's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated this 6th day of June, 2018.

Ronald B. Leighton
United States District Judge